## ALEX. MARCY v. JOHN FRIES.

MILLS, AND MILL-DAMS; *Overflowing Lands; Damages, and Benefits.* F. builds a dam and mill on his own land. The dam raising the water in the stream, caused it to overflow the land of M , an upper riparian owner. The mill was of no special benefit to M., or to his lands, and the only benefit that M. received therefrom was that general benefit which accrued to all in the vicinity from the building a' mill in their midst. *Held,* in an action by M. to recover damages for the overflow of his land, that F. could not offset or reduce those damages by the general benefits resulting to M. from the building and proximity of the mill.

### *Error from Nemaha District Court.*

THE subjoined opinion of the court states all necessary facts, and proceedings. Verdict and judgment in favor of *Fries*, defendant, at the October Term 1875, and *Marcy*, plaintiff, brings the case here.

*C. W. Johnson*, and *R. C. Bassett*, for the plaintiff, contended that the benefits of the mill, in which the plaintiff participates only in common with his neighbors generally,

cannot be reckoned or deducted from his special injury by the overflowing of his land, caused by the dam. 1 Hil. on Torts, 643, § 18; 24 Barb. 273; 3 Chand. 46; Sedgw. on Dam. 48, 137; 17 Me. 123; 48 Me. 163; 42 Penn. St. 58; 32 N. H. 90; 17 Conn. 288; 43 Md. 573.

*J. E. Taylor*, for defendant, maintained that in cases like this the rule of damages is, the difference in value between the farm before a mill had been erected, and its value after the mill was erected, and cited *Harding v. Funk*, 8 Kas. 315; hence there was no error in the instructions.

The opinion of the court was delivered by

BREWER, J.: This was an action to recover damages for the flooding of plaintiff's land by the erection of a dam by the defendant. We shall notice but a single question, for the error in the ruling of the district court upon this was not only material, but changed the entire scope and character of the inquiry. The defendant erected both a dam and mill, the former to furnish power for the latter. The dam backed the water up the stream so that it overflowed plaintiff's land. The mill was on defendant's land, and of no special benefit to plaintiff's farm, indeed of no benefit other than that general one which resulted to all lands within the same distance from the erection of that which tends to promote the comfort and convenience of the entire community. The district court ruled that the damages caused to the plaintiff's land by the overflow, could be off-set and reduced by the benefits resulting from the building of the mill. In reference to this, it will be noticed that in many respects at least the dam and mill may be considered as two independent structures. Either may be destroyed, and the other remain. True, the power furnished by the dam is used in running the mill; but there is no necessary and essential connection between the two. Steam may be introduced as a motive-power in the mill, and the dam be entirely ignored in connection therewith. The water-power now used in running the cus-

tom-mill may be entirely changed, and used in running a private factory. The dam may be the cause of direct specific injury to the property of others, while the mill may be of no direct injury or benefit to any property other than that upon which it stands. They may therefore in this sense be looked upon as separate structures, separate enterprises, and not parts of a single entity.

It is clear, we think, that the ruling of the district court as stated was wrong, and for at least two very satisfactory reasons. First, one whose improvements on his own land (made in pursuit of his own business) tend to the general enhancement in the value of neighboring and adjacent property, and who is thereby in one sense conferring a benefit upon such property, does not by such improvements acquire any claim against the owners of such property for compensation. Every fine residence built, every business block, every hotel, factory, and mill, and generally, every improvement, tends to enhance the value of the neighboring property; but who ever heard of one making such an improvement, maintaining an action against his neighbors for such enhancement in the value of their property? The defendant has just as good a claim against all his neighbors for the benefits which his mill has done to their property, as he has against the plaintiff. If he can sue him, he can them. And if he cannot bring a direct action therefor, neither can he offset or recoup those benefits against any damages he has done. And secondly, one who has done injury to his neighbor's property, and thereby become responsible therefor in damages, cannot compel such injured party to receive any other compensation than money. If A. trespasses upon B.'s land, either by digging ditches thereon, cutting down trees, or overflowing it with water, he cannot compel B. to receive in compensation a horse, or any other chattel, or merchandise, or labor. In other words, the wrongdoer has not the option of the manner or means of compensation. The injured party has the right to demand payment in money. Thus in the case at bar, if the defendant damaged plaintiff by overflowing his farm, he

must pay therefor in money, and cannot compel him to receive compensation in any other way. *Gerrish v. New Market Mfg. Co.*, 10 Foster (N. H.) 478.

For this error the judgment must be reversed, and the cause remanded with instructions to grant a new trial.

All the Justices concurring.