WILLIAM T. POWERS AND SARAH A. WHITE, ADMINIS-
TRATORS OF THE ESTATE OF GEORGE H. WHITE,
DECEASED, v. RULOFF SCHOLTENS.

*Landlord and tenant—Ejectment—Parties—Estoppel.*

1. There is no rule of law and no authority for holding that a landlord is bound by an ejectment suit against his tenant which he has not been legally called upon to defend.

So *held,* where a *tenant* of a married woman was made a defendant in an ejectment suit, and notified her husband, but no notice was given to her, and one of her grantors assumed the defense, but not at her request or with her knowledge.

2. The following propositions are summarized from the opinion of Mr. Justice CAMPBELL:

   *a*—Under How. Stat. § 7791, it is competent for a plaintiff to bring in a landlord and tenant as defendants in an ejectment suit.

   *b*—A tenant may call upon his landlord to defend his possession, when sued in ejectment.

   *c*—We have no law making an action of ejectment notice to any one but the parties of its pendency.

   *d*—It has been distinctly held that a judgment in ejectment is not binding, even against defendant's warrantor, when sued on his covenant, unless he has been notified in *writing* to appear and defend. *Mason v. Kellogg*, 38 Mich. 139; *Hines v. Jenkins' Estate*, 64 Id. 469.

Error to superior court of Grand Rapids. (Burlingame, J.) Argued January 17, 1890. Decided January 24, 1890.

Ejectment. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Uhl & Crane*, for appellants.

*M. L. Dunham*, for defendant.

CAMPBELL, J. This is an action of ejectment, and rests entirely on the effect of the facts found; and the only question of any consequence is as to how far certain parties are affected by an old ejectment suit.

The condition is briefly this: The defendant holds under a title derived by mesne conveyances from one Emily O'Hara. The court below held this title was good to the land in controversy, unless Mrs. O'Hara was bound by a judgment against a former tenant, one Patrick Britton. The dispute arose whether the parcel in controversy was in the N. E. ¼ or in the N. W. ¼ of section 36, in town 7 N., of range 12 W. In 1864, Mrs. O'Hara owned a parcel in the westerly part of the N. E. ¼ of that section, and was in possession of the land in controversy, claiming it to be in that part of the section. She held that

possession by her tenant, one Patrick Britton, and did not herself live near the property. In March, 1864, William M. Ferry and Eliza E. Stewart brought ejectment against Britton for seven-eighths of this parcel, claiming that it was in the N. W. $\frac{1}{4}$, where they had title. Among Mrs. O'Hara's grantors was one Edward W. Grant, through whom title was conveyed to James T. Finney. Finney, in May, 1857, conveyed an undivided half to Raymond O'Hara, the husband of Emily. In May, 1858, Mr. and Mrs. O'Hara reconveyed this half to Mr. Finney. In 1860, Finney conveyed the entire property to Mrs. Emily O'Hara. When Britton was sued, he notified Raymond O'Hara that the suit had been brought. The court does not find that her husband or any one else notified Mrs. O'Hara. It is found that Edward W. Grant assumed the defense of the suit, but it does not appear that he was requested to do so by Mrs. O'Hara, or that she knew he was doing so. While the suit was pending, and when his lease terminated, Britton surrendered to Emily O'Hara, who in 1867 conveyed to one James Brown, from whom defendant's title is derived. Ferry and Mrs. Stewart prevailed in their suit, but never sued out a writ of possession. The finding shows an unbroken possession back to 1852, under conveyances and claim of title, and held that Mrs. Emily O'Hara and her grantees were strangers to the judgment, and not bound by it.

Under our statutes (How. Stat. § 7791) it was competent for the plaintiffs in ejectment to bring in Mrs. O'Hara as well as Britton, her tenant, but they failed to do so. The tenant might also, if he had chosen, call on her to defend his possession, but did not. We have no law making an action of ejectment notice to any one but the parties of its pendency. Notice to Raymond O'Hara was not notice to Emily O'Hara. There is no rule of law

and no authority for holding that a landlord is bound by a suit against the tenant. On the contrary, it has been distinctly held by this Court that a judgment in ejectment is not binding, even against defendant's warrantor, when sued on his covenant, unless he has been notified in writing to appear and defend. The whole subject is so fully examined in *Mason v. Kellogg,* 38 Mich. 139, and *Hines v. Jenkins' Estate,* 64 Id. 469 (31 N. W. Rep. 432), that it would be mere repetition to do more than refer to those decisions. If a party who is ousted cannot rely on such a judgment to recover against his grantor for breach of warranty, there is much less reason for allowing his adversary in the ejectment suit to use him as a medium for enforcing an estoppel, which he could not enforce on his own behalf.

The judgment should be affirmed, with costs.

The other Justices concurred.