| 106 | 71 |
| 108 | 677 |

### FISHER *v.* NAYSMITH.

TRESPASS—VOID GRADING PROCEEDINGS—DAMAGES.

> Where, under void proceedings to grade a street, a cut is made opposite the land of an abutting owner, and ornamental trees within the limits of the way are removed, the incidental benefits accruing to the owner's remaining premises by reason of the improvement cannot, in trespass by him for the injury, be considered in mitigation of the actual damages sustained.

Error to Kent; McMahon, J., presiding. Submitted June 5, 1895. Decided July 2, 1895.

Trespass by Olive B. Fisher against James Naysmith, the township of Grand Rapids, and Richard Pickett for the unauthorized grading of a street. Defendant Naysmith was highway commissioner, defendant Pickett the contractor. From a judgment for plaintiff, defendants bring error. Affirmed.

*Smiley, Smith & Stevens*, for appellants:

The improvement having been made in good faith, and the value of plaintiff's premises having been greatly enhanced thereby, she is entitled to nominal damages only. *Stilson* v. *Gibbs*, 53 Mich. 284; *Porter* v. *Railroad Co.*, 33 Mo. 128; *Luther* v. *Winnisimmet Co.*, 9 Cush. 171; *Murphy* v. *Fond du Lac*, 23 Wis. 365; *Jewett* v. *Whitney*, 43 Me. 242; *Newman* v. *Railway Co.*, 118 N. Y. 618; *Bohm* v. *Railway Co.*, 129 N. Y. 576; *Railroad Co.* v. *Caldwell*, 31 Cal. 367; *Railroad Co.* v. *Armstrong*, 46 Cal. 85; *Nichols* v. *Bridgeport*, 23 Conn. 189; *Trinity College* v. *Hartford*, 32 Conn. 452; *Young* v. *Harrison*, 17 Ga. 30; *Jones* v. *Railroad Co.*, 30 Ga. 43; *Railroad Co.* v. *Francis*, 70 Ill. 238; *Page* v. *Railway Co.*, Id. 324; *Symonds* v. *Cincinnati*, 14 Ohio, 147; *Brown* v. *Same*, Id. 541; *Railroad Co.* v. *Ranck*, 78 Pa. St. 454.

*C. H. Gleason* (*J. W. Champlin*, of counsel), for appellee:

To the point that plaintiff was entitled to her actual damages, regardless of any benefit that may have resulted to her remaining property in common with that of other abutting owners, counsel cited, in addition to the authorities referred to in the opinion, *Allison* v. *Chandler*, 11 Mich. 542; *Northrup* v. *McGill*, 27 Mich. 234; *Dalton* v. *Laudahn*, Id. 532; *Bringard* v. *Stellwagen*, 41 Mich. 57; *Skeels* v. *Starrett*, 57 Mich. 354; *Walters* v. *Chamberlin*, 65 Mich. 333; *Fisher* v. *Dowling*, 66 Mich. 372; *Vanderlip* v. *Grand Rapids*, 73 Mich. 522; *Burtraw* v. *Clark*, 103 Mich. 383; *Bliss* v. *Ball*, 99 Mass. 597; *Francis* v. *Schoellkopf*, 53 N. Y. 152; *Haynes* v. *Thomas*, 7 Ind. 38.

McGRATH, C. J. In 1887, the center line of a highway called "East Street" separated the city of Grand Rapids and the township of the same name. Plaintiff resided in the township of Grand Rapids, and her premises had a frontage of 539 feet on East street. Under an act of the

legislature passed in 1875, the city and township authorities let a contract for the grading of East street, in the course of which a cut was made in the street opposite plaintiff's premises, and a number of shade trees removed. Plaintiff brought trespass. The case was tried without a jury, and comes here upon exceptions to findings. The court found that—

"The defendants were trespassers, and must pay to plaintiff the actual damages she has sustained; and, as this is a case of the actual taking and destruction of private property without 'due process of law,' nothing can be deducted from the damages recoverable by the plaintiff for the benefits resulting to her remaining property, in common with that of others, from the improvement of the street. The damages to which the plaintiff is entitled are for

| | |
|---|---|
| 1. The destruction of 20 trees, at $25 each | $500 00 |
| 2. Damages by embankment | 50 00 |
| 3. Making new driveway | 30 00 |
| 4. Soil removed | 06 |
| | $580 06" |

It is conceded that the proceedings under the statute were void. Defendants' contention is that they acted in a public capacity, and in good faith; that plaintiff's property was enhanced in value by the improvement; that she has, therefore, suffered no actual damage, and should have been awarded nominal damages only.

The plaintiff seeks to recover actual, rather than purely consequential, damages. Our own cases dispose of these contentions. In *Cubit* v. *O'Dett*, 51 Mich. 347, it was said that trespasses are not excused by good faith, although they may be aggravated by bad faith. In *Clark* v. *Dasso*, 34 Mich. 86, a highway commissioner had cut down certain trees within the limits of the highway. In *Larned* v. *Briscoe*, 62 Mich. 393, certain of the defendants were members of the board of public works, and others were contractors with the city for the work. The report of the board in favor of the change of grade was made to the common council, and the contract ordered, and after-

wards approved. No vote was had upon the report, and the court held that the approval of the contract could not be construed into an authority to change the grade. A cut was made opposite plaintiff's premises, and the street had been paved. In *Grand Rapids, etc., R. Co.* v. *Heisel,* 47 Mich. 393, it was held that a wrong-doer could not cast any portion of an actual and appreciable loss on the injured party. In *Isle Royale Mining Co.* v. *Hertin,* 37 Mich. 332, plaintiff had, by mistake, cut certain timber upon defendant's lands into cord wood, which defendant took and used. Plaintiff sought to recover the value of the labor expended upon it. It was held that he was not entitled to recover. The court say:

"It cannot be assumed, as a rule, that a man prefers his trees cut into cord wood rather than left standing, and, if his right to leave them uncut is interfered with, even by mistake, it is manifestly just that the consequences should fall upon the person committing the mistake."

See, also, *Harvey* v. *Railroad Co.,* 90 Ga. 66; *Davis* v. *Railway Co.,* 87 Ga. 605; *Marcy* v. *Fries,* 18 Kan. 353; *Gerrish* v. *Manufacturing Co.,* 10 Fost. (N. H.) 478.

It cannot be contended that the cut made in front of plaintiff's premises, or the destruction of her trees, was a benefit to her. All that is here claimed is that the improvement of the street throughout its extent benefited her remaining land in common with that of every other abutting owner. The cost and expense of such an improvement cannot be made a charge against plaintiff, or she be compelled to respond in any measure for benefits, except in pursuance of lawful methods to that end, and the cost and expense would be the limit of the charge. There was no attempt made to apportion that benefit. There is a class of cases which hold that, when the act constituting the trespass is in itself a benefit, nominal damages only can be awarded, but in those cases no tangible thing having an appreciable value was taken or removed from the land. In the New Hampshire case above cited the jury had been instructed that there was

no such thing as an offset in actions of this kind, and that if defendants, by the unnatural use of the water, had injured the plaintiff's lands, or killed his grass, plaintiff was entitled to their verdict, even though other portions of plaintiff's lands were benefited, so that upon the whole the plaintiff would be more benefited than injured. The supreme court approved the instruction, and say:

"There is no set-off or recoupment of damages not founded on the undertaking or default of the party sought to be subjected to such adjustment, nor can he who has inflicted a wrong require the injured party to accept indemnity in any other manner than such as the law provides."

Complaint is made that there was no finding that the trees possessed any intrinsic value separate from the land, and that the measure of damages when ornamental trees are destroyed is the difference in value of the realty. The court finds that plaintiff was damaged by the destruction of 20 trees at $25 each, $500. In *Miller* v. *Wellman*, 75 Mich. 353, it was held that the measure of damages would be the value of the timber standing upon the land, and the diminished value of the estate, if any, by reason of the removal. The testimony is not before us. It does not appear that the trees were purely ornamental, and had no value except as such; nor does it affirmatively appear that the figures given represent in whole or in part the diminished value of the land. In any event, the trespass and the improvement are not synonymous terms.

The judgment is affirmed.

The other Justices concurred.