### COLLINS *v.* TOWNSHIP OF GRAND RAPIDS.

TOWNSHIP BOARDS—PUBLIC IMPROVEMENTS—ESTOPPEL.

> In a suit against a township for the balance due on a contract for improving a highway, the township defended on the ground that the petition for the improvement, presented to the township board, was not signed, as required by the statute, by a majority of the resident property holders upon the portion of the highway sought to be improved. *Held*, that the township was not estopped, by reason of the determination of the township board that the petition presented had been properly signed, from making such defense.

Error to Kent; Adsit, J. Submitted February 18, 1896. Decided March 24, 1896.

*Assumpsit* by Hiram Collins against the township of Grand Rapids to recover a balance due on a contract for improving a highway. From a judgment for defendant, plaintiff brings error. Affirmed.

*Kingsley & Kleinhans*, for appellant.

*Turner & Carroll*, for appellee.

HOOKER, J. The plaintiff has sued the township of Grand Rapids to recover a balance due upon a contract

made and performed by his assignor, whereby he was to make certain street improvements on a street or highway constituting the boundary between said township and the city of Grand Rapids. This contract was made in the course of proceedings taken under certain local statutes authorizing the city of Grand Rapids and adjacent townships to unite in the improvement of highways lying between said city and townships. Act No. 313, Local Acts 1875; Act No. 353, Local Acts 1877. A special assessment was levied to pay the expense of said improvement, and most of the amount assessed was paid to the township treasurer, and by him applied upon the contractor's claim. Some $2,000 or more was not paid, and in a proceeding to collect the same, contested by one Olive B. Fisher, it was held that the assessment was invalid, for the reason that a majority of the resident property holders upon the portion of the street improved had not petitioned for the improvement, and that, therefore, the assessment was void. It was urged on behalf of the auditor general that the determination by the township board that the petition had been signed by a majority of the resident freeholders, which determination was recited in the order of the township board, was an adjudication of the fact, which placed it beyond collateral attack; but the court held otherwise, and said:

"The statute does not provide that this determination of the township board shall be conclusive, and, in the absence of such a provision, the rule is well settled that the fact whether or not the requisite number of persons have signed a petition or given assent to pave or improve streets, when the power so to pave or improve them depends upon a given number or proportion of the proprietors to be affected, can be inquired into, and that the non-assent may be shown as a defense to an action to collect the assessment." *Auditor General* v. *Fisher*, 84 Mich. 133.

This street improvement was again before us in an action brought by Fisher against the township and the

plaintiff's assignor, *i. e.*, the man who made the improve-
ment; and a judgment for a substantial amount, in tres-
pass, for grading down the street, and removing the trees
in front of her residence, was affirmed. In that case it
was conceded that the proceedings under the statute were
void, and the court took that view of the matter. *Fisher*
v. *Naysmith*, 106 Mich. 71.

In the case now before us, the plaintiff makes the same
claim that was made in behalf of the auditor general, viz.,
that the township board had power to pass upon the
question of fact, and determined that the petition was
signed by a majority of the resident freeholders; that the
proceedings show such adjudication; and that the pro-
ceedings cannot be attacked by the township, upon that
ground, in this case; and it is further said that, while the
taxpayer whose land is included in the special assessment
may raise the question in his defense against the levy, it
cannot be raised by the township officers, in behalf of the
taxpayers generally, who, manifestly, must furnish the
necessary money to pay plaintiff's claim, if he is allowed
to recover. This is placed on the ground of estoppel, it
being asserted that the township board represented to the
plaintiff's assignor that the petition was signed by the
requisite number of freeholders.

It seems to us a plain proposition that a proceeding
which is void because the necessary steps have not been
taken to confer jurisdiction upon a statutory board, whose
powers are strictly limited by the statute, cannot be given
effect, and practically made valid, by an adjudication by
such board that the necessary prerequisites of jurisdiction
exist, or that the absolutely void act shall, through the
application of the doctrine of estoppel, be made binding
in behalf of the contractor who has acted upon the faith
of the acts of the board, against the taxpayers of the
township at large, who are not benefited by the improve-
ment, while it cannot have that effect against those of the
locality who are benefited, and by whom it was contem-

plated, by all concerned, payment for the improvement should be made. It is the general rule that one who relies upon such proceedings must ascertain that jurisdiction exists, and it would be an anomalous rule if we should hold that the township could·be bound by a mere representation of the town board in a matter where the statute required specific acts to be performed before the township could be affected. The contractor was bound to ascertain whether the township board had jurisdiction, and could not, rely upon their opinions or representations as to the fact necessary to confer it. *Rens* v. *City of Grand Rapids*, 73 Mich. 247, and cases cited; *Mackey* v. *Township of Columbus*, 71 Mich. 230; *Bogart* v. *Township of Lamotte*, 79 Mich. 299.

The judgment of the circuit court is affirmed.

LONG, C. J., and MOORE, J., concurred. GRANT and MONTGOMERY, JJ., did not sit.