(No. 1989, December 17, 1917.)

STATE ex rel. CLANCY, Atty, Gen., v. PORTER et al.

### SYLLABUS BY THE COURT.

Where the existence of the fact that a petition signed by not less than a majority of the qualified electors residing within the territory embraced in the proposed incorporation is necessary, before the board of county commissioners is authorized to proceed with the incorporation of a village, under sections 3764 and 3766, Code 1915, and no provision is made in the statute for the determination of such fact by the said board, its action in incorporating a village may at any time be shown to have been without jurisdiction and void, by establishing the fact that the petition on which it acted was not so signed.

Appeal from District Court, Curry County; Richardson, Judge.

Quo warranto by the State of New Mexico, on relation of F. W. Clancy, Attorney General, against B. M. Porter and others. From a judgment dismissing the proceeding, relator appeals. Reversed.

Frank W. Clancy, Attorney General, and Patton & Bratton, of Clovis, for appallant.

Action of County Commissioners in incorporation a village is subject to attack on ground petition therefor was signed by less than qualified electors.

Sec. 3765, 3766, Code 1915; Black on Judgments, Sec. 282; In re Madero Bonds, 28 Pac. 272, 14 L. R. A. 755; 11 Cyc. 398 and cases cited; Kansas Town & Land Co. v. Allen (Kan.), 51 Pac. 804; Com. Court Blount Co. v. Joyson, 145 Ala. 553, 39 So. 910; Brooks v. Morgan, 36 Ind. App. 672, 76 N. E. 331; Hinton, v. Perry Co., 84 Miss. 536, 36 So. 565.

W. A. Havener, and A. W. Hockenhull, both of Clovis, for appellees.

Courts are slow to declare a municipal corporation void.

28 Cyc. 171; Woods v. Henry, 55 Mo. 560; 28 Cyc. 167; 16 Pac. 303; 36 Pac. 969; 77 Pac. 708; 28 Pac. 411; 82 Pac. 620.

Courts are without power to dissolve a municipal corporation.

28 Cyc. 253; State v. Holcomb, 149 Pac. 684.

The action of the County Commissioners in the premises is conclusive and final.

28 Cyc. 150; 28 Cyc. 253; State v. Holcomb, 149 Pac. 684; 82 Pac. 620; 5 S. W. 678. See also State v. Fleming, 158 Mo. 558, 59 S. W. 118, 65 Pac. 749; 16 Pac. 303; 36 Pac. 969; 83 Pac. 397; 131 Pac. 1038; 28 Cyc. 167; 77 Pac. 708; 28 Pac. 411; 129 Pac. 496; 28 Cyc. 163.

### OPINION OF THE COURT.

ROBERTS, J.—This is a quo warranto proceeding, and was instituted in the district court of Curry county by the state on relation of Frank W. Clancy, Attorney General, against the respondents and appellees to inquire by what right respondents were exercising the functions and enjoying the privileges and benefits of certain purported and pretended offices in the purported and pretended village of Melrose, in Curry county; it being alleged that said purported and pretended village had never been incorporated in the manner and form prescribed by law.

Respondents filed their plea and answer in which they alleged that said village was duly incorporated in September, 1915, and that they were the duly qualified and acting officers of said village. They attached to their pleas copies of the minutes or orders of the board of county commissioners upon which they rely for the authority of the corporation and its legal creation. To this plea relator filed a first amended replication in which he admitted the entry of the minutes alleged to have been made by the corporation, but alleged that the petition for incorporation of the village of Melrose had not been signed by a majority of the qualified voters residing within the territory embraced in the proposed incorporated village. The replication contained other allegations of irregularities in the creation of the pretended corporation which it was alleged invalidated the same. Respondents filed a rejoinder which amounted to a general denial of relator's replication. Thereafter respondents filed a motion to dismiss upon three grounds; the first being:

"That the court herein has no jurisdiction to hear or determine the within quo warranto proceedings for the reason that the findings and order of the county commissioners duly incorporating the village of Melrose was and is conclusive."

The court having sustained this ground of the motion and dismissed the proceedings, its action in so doing presents the question for review in this court.

The provisions of the statute relating to the incorporation of villages, in so far as they bear upon the present

question, are sections 3764 and 3766, Code 1915, which reads as follows:

"3764. That whenever the inhabitants of any part of this State, not embraced within the limits of any city or incorporated town, shall desire to be organized into an incorporated village, they may apply by petition in writing, signed by not less than a majority of the qualified voters residing within the territory embraced in the proposed incorporated village, to the board of county commissioners of the county wherein such proposed village is situated, which petition shall describe the territory to be included in such proposed village and have annexed thereto an accurate map or plat thereof."

"3766. That when any such petition as herein provided shall be presented to the board of commissioners, which must be at a regular meeting thereof, the same shall be filed by the clerk to be finally acted upon at the next regular meeting of the board. If the commissioners are satisfied with the genuineness of the signatures appearing on said petition and upon the deposit of sufficient money or a guarantee to be approved by the board to cover the expenses of the survey and census herein provided for, they shall appoint some suitable person to take a census of the inhabitants of such proposed village and cause a survey to be made by the county surveyor, who shall mark the boundaries of the same by substantial stone monuments so that the same can be readily traced and shall establish and set a like monument at the center of such village, and shall file with the clerk of said board a report of such survey, with field notes and plat thereof, bearing reference to the public surveys of the United States. The report of such survey and the census herein provided for shall be filed on or before the first day of the next regular meeting of the county commissioners and if by them found to comply with the requirements of this act they shall declare the people of the territory embraced in such survey to be an incorporated village and thereupon shall order an election to be held therein for the election of such officers thereof as are provided for in the next section."

The theory upon which the trial court sustained the motion was that the power had been conferred upon the board of county commissioners by the Legsilature to determine the fact as to whether or not the petition had been signed by the requisite number of qualified voters residing within the territory embraced in the proposed incorporated village; there being quite a number of authorities holding that, where such power is conferred upon a court or tribunal, its determination of its jurisdiction is final and conclusive. The case of State v. Holcomb, 95 Kan. 660, 149

Pac. 684, so holds, and cites a number of cases to the same effect. This case, however, and all the cases cited therein were decided under a statute which specifically conferred upon the board or tribunal the power and authority to determine in the first instance whether or not the petition upon which its jurisdiction was invoked had, in fact, been signed by the requisite number of qualified petitioners.

In Freeman on Judgments, § 523, the rule is thus stated:

"Wherever the jurisdiction of the court not of record depends on a fact which the court is required to ascertain and settle by its decision, such decision, if the court has jurisdiction of the parties, is conclusive, and not subject to any collateral fact."

But if the local board or other tribunal is authorized and empowered to take certain action only upon the petition of a majority of the property owners, taxpayers, or residents within a certain defined area or district, and is not vested with authority to determine whether or not the petition is signed by the owners of the required amount of property, residents, or taxpayers, then its action may at any time be shown to have been without jurisdiction and void, by establishing the fact that the petition on which it acted was not so signed. This is stated to be the true rule by Freeman on Judgments, § 523.

In the case of Mulligan v. Smith, 59 Cal. 206, the court was called upon to consider a similar question under a statute authorizing certain street improvements and the assessment of the costs thereof upon the owner upon the presentation of a petition to the mayor or other agency of the question as to whether or not the petition had been, in fact, signed by such majority. The court held that under the statute the mayor was not authorized to enter upon an investigation of the question as to the requisite number of petitioners; that his jurisdiction depended, not upon his determination, but upon the actual existence of the fact that the petition had been so signed. This case was subsequently followed by that court in the case of Kahn v. Board of Supervisors, 79 Cal. 388, 21 Pac. 849, the court saying:

State ex rel. Clancy, Atty. Gen. v. Porter et al., 23 N. M., 508

· "That a petition signed by a majority of the owners desig-
nated above was necessary to give the board of public works
jurisdiction to organize and proceed under the act, we have
no doubt. This point was fully considered and determined in
Mulligan v. Smith, 59 Cal. 206. This ruling we approve and
adhere to. We also approve of the ruling made in the case
cited that the mayor was not charged with the duty of de-
termining whether the petition was signed by the required
majority, and that his decision to that effect did not conclude
or estop any one from disputing and showing that, in fact,
the petition was not signed by the required majority."

The Supreme Court of the United States, in the case
of Zegler v. Hopkins, 117 U S. 683, 6 Cup. Ct. 919. 29
L. Ed. 1019, approved the holding of the California court
in the Mulligan Case, saying:

"There is in reality but a single question presented for our
consideration in this case, and that is whether, in an action
of ejectment brought to recover the possession of lands sold
for the non payment of taxes levied to defray the expenses
of opening Montgomery Avenue generally, and not in obedi-
ence to an order of a court of competent jurisdiction to meet
some particular liability which had been judicially establish-
ed, the landowner is estopped from showing, by way of
defense, that the petition for the opening presented to the
mayor was not signed by the owners of the requisite amount
of frontage; and this depends on whether the owner is con-
cluded: (1) By the acceptance of the petition by the mayor
and his certificate as to its sufficiency and the action of the
board of public works thereunder; or (2) by the judgment
of the county court confirming the report of the board of
public works.
"This precise question was most elaborately considered by
the Supreme court of California in Mulligan v. Smith, 59 Cal.
206, and decided in the negative, after full argument. With
this conclusion we are entirely satisfied. It is supported by
both reason and authority. The opinions of Justices McKee,
Sharpstein, and Ross, which are found in the report of the
case, leave nothing further to said on the subject."

This case was followed by the Supreme Court of the
United States in the case of Ogden v. City of Armstrong,
168 U. S. 224, 18 Sup. Ct. 98, 42 L. Ed. 444.

In the case of Miller v. City of Amsterdam, 149 N. Y.
288, 43 N. E. 632, the syllabus states the holding of the
court as follows:

"Where the existence of a fact is necessary before the offi-
cers of a municipal corporation can act, and no provision is

made in the statute creating the corporation for the determination of the fact, no authority to ascertain it can be implied; their decision that it exists is not a judicial determination, and may be inquired into collaterally when they take subsequent action upon the assumption that the fact existed."

The same rule is announced in the following cases: Collins v. Township of Grand Rapids, 108 Mich, 675, 66 N. W. 586; Damp v. Town of Dane, 29 Wis. 419; Sharp v. Speir, 4 Hill (N. Y.) 76.

The territorial Supreme Court, in the case of Town of Roswell v. Dominice, 9 N. M. 624, 58 Pac. 342, cited with approved the cases of Mulligan v. Smith, supra, and Zeigler v. Hopkins, supra, in passing upon the validity of a street assessment. The statute quoted from, providing for the incorporation of villages, does not either directly or by implication confer upon the board of county commissioners the power to determine whether or not the petition is signed by a majority of the qualified voters residing within the territory embraced in the proposed incorporated village. The only preliminary matter which they are required to determine is the genuineness of the signatures appearing on the petition.

In the present case the plea of the relator set up that the petition had not been signed by a majority of the qualified voters as required by the statute, and also that after the original petition had been signed the petition had been changed, and that the petition filed with the commissioners was not the one signed by the petitioners.

Other grounds of attack upon the validity of the act of incorporating the village were also alleged, but as the sufficiency of these alleged irregularities was not passed upon by the district court, they need not be here discussed.

For the reasons stated, the judgment of the district court will be reversed; and it is so ordered.

HANNA, C. J., concurs. PARKER, J., being absent, did not participate.