(No. 5090.   March 1, 1928.)

## R. E. WHITTEN, Appellant, v. SEWELL H. CHAPMAN, Respondent.

[264 Pac. 871.]

ELECTION OF WATER-MASTER—DETERMINATION OF LEGALITY—WHO MAY VOTE—QUO WARRANTO—RIGHT TO OFFICE—BURDEN OF PROOF.

1.   Even though water-master may be public officer, and plaintiff could have contested his election under C. S., sec. 7274 et seq., it was not improper to bring action in nature of proceeding in *quo warranto* under sec. 7024, providing that any person rightfully entitled to office may bring action in his own name against person who has usurped, intruded into or who holds or exercises same.

2.   Under C. S., sec. 5609, as amended by Laws 1925, chap. 60, providing for election of water-master for water district, and stating that corporation shall be considered person for purpose of statute, and shall cast vote by someone to be designated by corporation, and that each stockholder in corporation shall be entitled to as many votes as he shall have units of ten inches of water regularly adjudicated, corporation, through its designated representative, had right to cast one vote for every ten inches of its decreed water right.

3.   In action under C. S., sec. 7024, to oust defendant from office of water-master and induct plaintiff into office, burden was on plaintiff to establish his right to office, and it was his duty to produce necessary evidence to satisfy burden.

4.   In action under C. S., sec. 7024, plaintiff, who had been candidate for election, and who was appointed by commissioner of reclamation *held* not to have established his right to office of water-master for water district as against one who was elected by water users and had taken office, on ground that certain corporation, if allowed one vote for each ten inches of its decreed water right, as provided by C. S., sec. 5609, as amended by Laws 1925, chap. 60, would have cast its votes for plaintiff.

5.   Where water-master had been elected under C. S., sec. 5609, as amended by Laws 1925, chap. 60, and his compensation fixed at meeting of water users held for that purpose, appointment of an-

other by commissioner of reclamation on assumption that election was not legal was of no validity, since commissioner of reclamation has no power to determine legality of election of water-master.

APPEAL from the District Court of the Fourth Judicial District, for Lincoln County. Hon. B. S. Varian, Judge.

Action for usurpation of office under C. S., sec. 7024. Judgment for defendant. *Affirmed.*

Bissell & Bird, for Appellant.

In the selection of a water-master, under the provisions of C. S., chap. 219, each person or corporation present, owning or having the use for the ensuing irrigation season of any adjudicated right equal to ten inches of water in the stream or water supply comprising such water district is entitled to as many votes as he or it shall have units of ten miner's inches of adjudicated water in such stream or supply. (C. S., sec. 5609, as amended by Sess. Laws, 1925, chap. 60; 3 Fletcher, Cyc. Corps., 2816, and *Commonwealth v. Smith,* 37 Pa. 625, 627.)

The intention of the legislature is the primary rule of statutory construction. (23 Cal. Jur. 726.)

The contemporaneous construction placed upon C. S., sec. 5609, by the department of reclamation for at least sixteen years should be given great weight by the courts, that being the department by statute charged with executing said section. (23 Cal. Jur. 776; 25 R. C. L. 1043; *Riley v. Forbes,* 193 Cal. 740, 227 Pac. 768; *People v. Town of Antioch,* 17 Cal. App. 751, 121 Pac. 945.)

Publisher's Note.

1. See 22 R. C. L. 480.

3. Burden of proof in proceedings by *quo warranto,* see notes in 100 Am. Dec. 268; Ann. Cas. 1917B, 467. See, also, 22 R. C. L. 718.

See Elections, 20 C. J., sec. 271, p. 213, n. 1.
Quo Warranto, 32 Cyc., p. 1460, n. 81, p. 1461, n. 94.
Waters, 40 Cyc., p. 820, n. 14.

Legal votes having been rejected and the meeting having been unlawfully conducted, a water-master was not chosen and the commissioner of reclamation had authority to appoint a water-master. (C. S., secs. 5606, 5608, 5609; *McCullers v. Board of Commrs. of Wake County,* 158 N. C. 75, Ann. Cas. 1913D, 507, 78 S. E. 816; C. S., secs. 7024, 7274, 7277, 7278, 7279, and 7280; *Ashley v. Richard,* 32 Ida. 551, 185 Pac. 1076.)

James & Ryan and W. A. Brodhead, for Respondent.

The matter of determining upon the legality of votes is a judicial function and can be passed upon only by a tribunal competent to make an adjudication and where the parties interested can be heard. (*State v. Rodman,* 43 Mo. 256; *State v. Steers,* 44 Mo. 223.)

The duty of investigating charges of misconduct in elections and deciding upon them can never be justly assumed by an executive officer, but it belongs to such judicial or *quasi*-judicial officer as the law may designate for that purpose. (McCrary on Elections, p. 231; *Switzler v. Dyer* 2 Bart. 777; *State v. Rodman, supra; State v. Seers, supra; Switzler v. Anderson,* 2 Bart. 374, 907; also, McCrary on Elections, p. 233.)

The commissioner of reclamation is a creature of the constitution and statutes of the state and can exercise no authority except that which is expressly given him and such incidental and implied authority as is necessary to enable him to exercise the powers expressly granted him. (*Evans v. Swendsen,* 34 Ida. 290, at bottom of page 292, 200 Pac. 136.)

C. S., sec. 7024, takes the place of and is a substitute for the common-law proceeding of *quo warranto.* (*Toncray v. Budge,* 14 Ida. 621, 95 Pac. 26.)

C. S., sec. 7024, can be resorted to by a person in his private capacity only as against a usurper of office. (*Stephens v. People,* 89 Ill. 337; *Linegar v. Rittenhouse,* 94 Ill. 208; *Snowball v. People,* 147 Ill. 260, 35 N. E. 538.)

C. S., sec. 7024, cannot be resorted to by a person in his private capacity to contest an election. In such case the statutory remedy for contesting elections is exclusive. (9 R. C. L., sec. 147, pp. 1157, 1158, beginning at the bottom of page 1157; *State ex rel. Rainwater v. Ross,* 245 Mo. 36, 149 S. W. 451. This case is found in Ann. Cas. 1913E, p. 978.)

Where the action is brought by an individual in his private capacity, *quo warranto* will not lie if another adequate remedy exists at law or in equity. (32 Cyc., pp. 1416, 1417 (38); *State ex rel. Baird v. Board of Commrs.,* 117 Kan. 151, 230 Pac. 531; sec. 2 of the syllabus; High on Extraordinary Remedies, secs. 616–618, 637, 645.)

*Quo warranto* and election contest proceedings are distinct remedies. (McCrary on Elections, sec. 395; also, *State v. Marlow,* 15 Ohio St. 114.)

Bothwell & Chapman, *Amici Curiae.*

Any person rightfully entitled to an office or franchise may bring an action in his own name against the person who has usurped, intruded into or who holds or exercises the same. (C. S., sec. 7024; *Toncray v. Budge,* 14 Ida. 621, 95 Pac. 26; *State v. Fred W. Gooding,* 22 Ida. 128, 124 Pac. 791.)

Courts of general and original jurisdiction have the power to inquire into the regularity of elections by an information in the nature of *quo warranto* and this jurisdiction remains even though statutes provide special proceedings for the contest of elections, unless it appears that the legislature intended to take away this power. (*People v. Alternberg,* 179 Ill. App. 416, 103 N. E. 67; 32 Cyc. 1418.)

Each water user or stockholder owning or having the use for the ensuing irrigation season of any adjudicated right of water in the stream or water supply comprising a water user's district such as that involved herein is entitled to one vote for each ten inches of water in such stream or

as many votes as such water user or stockholder shall have units of ten inches of water in such stream. (C. S., sec. 5609; amended, 1925 Sess. Laws, chap. 60; Fletcher, 3 Cyc., Corps., sec. 1678; 1 Thompson on Corporations, 2d ed., sec. 855.)

A. B. Barclay, *Amicus Curiae.*

The constitution of this state was adopted by the people of the entire state and was for the government of the people of the state, and the provisions therein found are intended to apply to the entire state, unless otherwise provided, and to every legal subdivision thereof, whether created by the constitution or the legislature. The provisions of the constitution with reference to the qualification of voters were intended to apply not only to state elections, but to elections held by the legal subdivisions of the state. There is no separate or distinct qualification provided by the constitution for voters at elections held in counties, cities, villages or other municipalities. To all such elections, secs. 1 and 2 of art. 6 apply. (*Pioneer Irr. Dist. v. Walker,* 20 Ida. 605, 119 Pac. 304; *Ferbrache v. Drainage District No. 5 of Bonner County,* 23 Ida. 85, Ann. Cas. 1915C, 43, 128 Pac. 553, 44 L. R. A., N. S., 538.)

WM. E. LEE, C. J.—Pursuant to notice therefor by the commissioner of reclamation, certain water users convened on March 7, 1927, for the purpose of electing a water-master for water district No. 7–AB, and of fixing the compensation to be paid that officer. Forty-five persons were present and one hundred were represented by proxies. The meeting organized by the selection of a chairman and secretary. The report of the committee on credentials " . . . . that there were one hundred and forty-five persons and corporations owning and having the use of adjudicated rights of ten inches or more present in person or represented by proxy, and . . . . that each person present in person or represented by proxy be entitled to one vote each

45 Idaho—42

. . . . '' was adopted. It was further determined '' . . . . that the ballot of the Big Wood Canal Company (having offered to vote 30,951.76 votes) be counted as only one vote; also that the vote of Sidney Smith, . . . . attempted to vote 26½ votes, be counted as one vote.''

The result of the vote was announced: '' . . . . for Sewell H. Chapman, one hundred forty-three votes, for R. E. Whitten, two votes.''

Respondent was thereupon declared elected, and the commissioner of reclamation duly notified. Thereafter, on the assumption that respondent had not been legally elected, the commissioner of reclamation appointed appellant to the office. Respondent filed the required bond and oath, took possession of the office and refused appellant's demand for its surrender. This action was brought to oust respondent from and induct appellant into the office. At the close of appellant's case, motion for nonsuit was sustained and judgment entered for respondent.

This proceeding was instituted under C. S., sec. 7024, the last sentence of which reads:

''Any person rightfully entitled to an office or franchise may bring an action in his own name against the person who has usurped, intruded into, or who holds or exercises the same.''

[1] Even if we concede respondent's argument that a water-master is a public officer and that appellant could have contested his election under C. S., sec. 7274 et seq., it does not follow that it was improper to bring the action in the nature of a proceeding in *quo warranto*. (*Toncray v. Budge,* 14 Ida. 621, 95 Pac. 26.)

[2] The pertinent provisions of the statute, C. S., sec. 5609, as amended by chap. 60 of the 1925 Sess. Laws, providing for the election of water-masters, are as follows:

'' . . . . At such meeting each person present owning or having the use for the ensuing irrigation season of any adjudicated right equal to 10 inches of water in the stream or water supply comprising such water district, shall be entitled to one vote . . . . Provided, That a corporation

shall be considered a person for the purpose of this section and shall cast its vote by some one to be designated by the corporation; Provided, That each stockholder in said corporation shall be entitled to as many votes as he shall have units of 10 inches of water, regularly adjudicated, in the stream or water supply comprising such water district; . . . . ''

It is the position of appellant that the manifest meaning of C. S., sec. 5609, as amended, is that each person or corporation is entitled to vote, in the election of a water-master, as many votes as he or it has units of ten inches of adjudicated water; that the Big Wood Canal Company, with a decreed right to some 6,000 cubic feet of water, should have been permitted to vote some 30,000 votes. On the contrary, it is respondent's position that, at such an election, not more than one vote may be cast by any person or corporation irrespective of the size of the decreed rights.

That the statute is ambiguous is apparent. To give its language a literal meaning would result in confusion and inequality in voting at the election of a water-master. It is provided that '' . . . . a corporation shall be considered a person . . . . and shall cast its vote. . . . . '' It has been argued that the statute gives the Big Wood Canal Company, with a decreed right to some 6,000 second-feet of water, one vote, the same as that afforded an individual with a decreed right to ten inches. It does not seem possible that the statute intended such a result. We are of the opinion that the proper construction of the statute, in this respect, is that it means that each person or corporation, with a right equal to ten inches of water, is entitled to cast one vote; that such person or corporation with a right equal to twenty inches of water, is entitled to cast two votes; that the individual or the corporation has as many votes as he or it has ''units of ten inches'' of such water. The practical construction heretofore placed on this statute has somewhat influenced us in reaching this conclusion. According to the evidence of the commissioner of reclamation, ''The universal and uniform practice throughout the

state is and has been for many years past to vote adjudicated water rights at the rate of one vote for each ten miner's inches of water regularly adjudicated in the streams." In view of the frequent changes in our water laws, it is evident that the practical construction of this statute has been acceptable and satisfactory to water users generally. In the absence of a more reasonable construction, it is the part of wisdom to adhere to it.

The provision that " . . . . a corporation shall be considered a person for the purpose of this section . . . . " and shall cast its vote by someone to be designated by it is plain and certain and needs no interpretation. At a water-master's election, through some person designated by it, the corporation is allowed the same voting power as a person, one vote for each ten inches of its decreed water. The provision that each stockholder shall be entitled to as many votes as he has units of ten inches of water, taken literally, would either deprive the corporation of its vote or give the corporation and its stockholders double voting power. But, when considered in connection with the entire section and keeping in mind the ultimate purpose of the law, it would be absurd to so construe the last provision. It may have been intended, as suggested by some, for the regulation of a meeting of the stockholders, or as a limitation of the voting strength of the corporation. The fact remains, however, that the last provision has reference to the vote of the corporation, the vote the corporation has a right to cast in the election of a water-master; and, as to "its vote," the statute plainly provides that it shall be cast by some one designated by the corporation. The Big Wood Canal Company, through its designated representative, had a right to cast one vote for each ten inches of its decreed right. Any other construction would do violence to the entire section, and make it necessary to hold the statute so ambiguous and meaningless as to be unworkable.

[3, 4] It does not follow, however, that the judgment should be reversed. The burden was on appellant to establish his right to the office, and it was his duty to produce

the necessary evidence to satisfy this burden. (22 R. C. L., sec. 41, p. 718.) The stipulated facts show that, of those persons present at the meeting, respondent received the votes of forty-three and appellant received the votes of two. While it is argued that it appears from the entire record that the Big Wood Canal Company offered to cast its votes for appellant, the facts stipulated by the parties do not so show. Counsel for appellant states in his briefs that the canal company attempted to cast 30,951.76 votes for appellant and Sidney Smith attempted to cast 26½ votes for him. Reference in the brief is made to the stipulation (folio 32) which merely shows "That at said meeting the said Big Wood Canal Company, by and through its said vice-president, Ben Darrah, offered to and insisted upon casting 30,951.76 votes." The stipulated facts do not show for whom the canal company or Sidney Smith offered to cast their votes.

[5] Appellant's claim to the office under the appointment of the commissioner of reclamation is also untenable. The law has not conferred on that officer the power to determine the legality of the election of a water-master. (See *Evans v. Swendsen,* 34 Ida. 290, 200 Pac. 136.) The commissioner's power to appoint a water-master exists by virtue of the statute when a meeting for the election of a water-master has not been held, when a water-master has not been chosen, or his compensation has not been fixed. In this case, a water-master had been elected and his compensation fixed at a meeting held for that purpose. The appointment was, therefore, of no validity.

It is our conclusion that appellant has not shown that he was entitled to the office. It is unnecessary to determine the other questions presented.

Judgment affirmed. Costs to respondent.

Budge, Givens, Taylor and T. Bailey Lee, JJ., concur.