459 P.2d 458

**STATE ex rel. Eloy GARCIA, Felix Sanchez and Sam Gonzales, Plaintiffs-Appellants,**

**v.**

**Marcelino MARTINEZ, John Valdez, George Wisehart, J. E. Rael, Max Ortega, Benny Ortega, Village of Questa, Taos County Board of County Commissioners, J. J. Montoya, Felipe Ortega and Paul Casias, Defendants-Appellees.**

**No. 8647.**

Supreme Court of New Mexico.

Oct. 6, 1969.

Lorenzo E. Tapia, Albuquerque, Watson & Watson, Neil C. Stillinger, Santa Fe, for plaintiffs-appellants.

Eliu E. Romero, Taos, Bachicha & Corlett, Santa Fe, for defendants-appellees.

## OPINION

MOISE, Justice.

This is a quo warranto proceeding in which the validity of the incorporation of the Village of Questa is at issue. To dispose of this appeal we need consider only the question of whether the trial court ruled correctly on the issue of where the burden of proof lay, and on the legal effect of the findings of the board of county commissioners that all statutory requirements had been met.

Appellees resist consideration of the two points deemed controlling on the grounds that no attack was made on the findings of the trial court in this regard and no requested findings were submitted by appellants. It is sufficient answer to appellees' argument to point out that the points relied on by appellants are in the nature of attacks on the rulings of the trial court on legal issues, and accordingly may be advanced here without findings or requested findings with reference thereto. Compare New Jersey Zinc Co. v. Local 890 of International Union of Mine, Mill & Smelter Workers, 57 N.M. 617, 261 P.2d 648 (1953). (Although Supreme Court Rule 15 [§ 21-2-1(15), N.M.S.A.1953] has been rewritten since these cases were decided, no change was made that would alter the results of this decision.)

■ Where did the burden of proof rest —on plaintiffs-appellants or on defendants-appellees? The answer is clear. In the early case of State ex rel. Northwestern Colonization & Improvement Co. of Chihuahua v. Huller, 23 N.M. 306, 334, 168 P. 528, 536, 1 A.L.R. 170 (1917); cert. denied, Huller v. N. M. ex rel. Northwestern Colonization & Improvement Co., 246 U.S. 667, 38 S.Ct. 336, 62 L.Ed. 929, dismissed for lack of jurisdiction, 247 U.S. 503, 38 S.Ct. 536, 62 L.Ed. 1239 (1918), a proceeding in the nature of quo warranto to try title to office in a private corporation, we stated that the burden rested upon the respondents "at all times to justify their alleged acts of usurpation." The rule as thus stated is generally recognized as applicable as well in quo warranto cases involving public or municipal corporations. People ex rel. Smith v. City of San Jose, 100 Cal.App.2d 57, 222 P.2d 947 (1950); Whitten v. Chapman, 45 Idaho 653, 264 P. 871 (1928); Jones v. State ex rel. McFarland, 207 Miss. 208, 42 So.2d 123 (1949); 17 McQuillin, Mun.Corp., § 50.19 (3rd Ed. 1968); 4 Yokley, Mun.Corp., § 599 (1959); 44 Am.Jur., Quo Warranto, §§ 106, 107. It is accordingly apparent that the trial court erred insofar as it held that appellants had the burden of proof of the allegations of their complaint.

It would not necessarily follow that this error must result in a reversal, unless the appellants' position was prejudiced by the court's ruling which denied them the right to attack the findings of the county commission which support the commission's jurisdiction to establish the municipality. The answer to this problem revolves directly around whether the last sentence in § 14–4–1, N.M.S.A.1953, as amended by ch. 145, § 1, N.M.S.L.1939, made the findings by the county commission of the jurisdictional facts required thereby conclusive and not subject to attack in a quo warranto proceeding such as this. The section, as amended, reads (it was repealed by ch. 300, § 595, N.M.S.L.1965):

"Whenever the inhabitants of any part of this state, not embraced within the limits of any incorporated city, town or village, shall desire to be organized into an incorporated village, they may apply by petition in writing, signed by not less than a majority of the owners of real estate proposed to be included within the incorporated village, and who have paid a real estate property tax thereon for the previous year, and who reside within such territory, to the board of county commissioners of the county wherein such proposed village is situated, which petition shall have annexed thereto an accurate map or plat thereof. *The said board of county commissioners shall determine from the tax rolls of the county whether a majority of the owners of real estate located in such territory have paid such property tax and have signed the petition.*" (Emphasis supplied.)

This section was considered in State ex rel. Clancy v. Porter, 23 N.M. 508, 169 P. 471 (1917), without the last italicized sentence, which was added in 1939 (ch. 145, § 1, N.M.S.L.1939). It was held that absent a provision in the statute that the board of county commissioners had the duty to determine the facts required by the law to establish its jurisdiction, these facts could be considered and passed upon by a court when made an issue in a quo warranto proceeding. We quote from that decision, 23 N.M. at 512, 169 P. at 472:

"In Freeman on Judgments, § 523, the rule is thus stated:

'Wherever the jurisdiction of the court not of record depends on a fact which the court is required to ascertain and settle by its decision, such decision, if the court has jurisdiction of the parties, is conclusive, and not subject to any collateral fact.'

"[But] if the local board or other tribunal is authorized and empowered to take certain action only upon the petition of a majority of the property owners, taxpayers, or residents within a certain defined area or district, and is not vested with authority to determine whether or not the petition is signed by the owners of the required amount of property, residents,. or taxpayers, then its action may at any time be shown to have been without jurisdiction and void, by establishing the fact that the petition on which it acted was not so signed. This is stated to be the true rule by Freeman on Judgments, § 523."

Appellees' position here, is, to the effect that the clear implications of the holding in the Porter case, supra, was that if the statute provided that the determination should be made by the board, the rule would be otherwise, i. e., the board's determination would be conclusive. They argue that since the legislature added the last sentence, italicized above, whereby the board is directed to determine whether the requisite number of qualified owners of real estate had signed the petition, and the board having so found, the finding was not subject to collateral attack here.

A close examination of § 14–4–1, supra, discloses that there are material differences between the qualifications of those required to sign a petition, and the facts to be determined by the board. With regard to the qualifications of those signing, the statute provides that the petition must be signed by not less than 60% of the owners of real

estate *resident* within the area to be included in the proposed village who have paid a real estate tax thereon *for the previous year*. The board of county commissioners, on the other hand, is required to determine, by an examination of the tax rolls, whether the petition has been signed by 60% of the owners of real estate in the territory who are not delinquent in the payment of their property taxes. It will be noted that for the petition to qualify, it must be signed by 60% of the *resident* property owners, whereas the board is to determine only whether the petition is signed by 60% of those owners of real estate not delinquent in payment of property taxes (whether they must be resident or not is not indicated). Further, for a signature to be valid for the purposes of qualifying the petition, the signer must have paid his property tax for the previous year, whereas the board is to determine if the signatures on the petition are sufficient to amount to 60% of those who were not delinquent in the payment of their property taxes (by implication, for any year; not just the previous year).

We consider these differences between the jurisdictional facts required to qualify the petition and the determinations to be made by the board to be material. Therefore, even assuming, arguendo, that the dicta in the Porter case, supra, is correct, to the effect that if the applicable statute requires a determination to be made by the board, those findings would be conclusive, the issue of the sufficiency of the petition in the instant case would still be unresolved because of the differences noted above between the qualification provisions and the determinations to be made by the board.

It follows that the trial court erred in refusing to admit the evidence tendered by appellants which sought to establish an absence of compliance with requirements of statute.

We need not consider the additional points argued by appellants. The judgment of dismissal must be reversed and the cause remanded to the district court with instructions that it reinstate the cause on the docket and proceed in a manner consistent herewith.

It is so ordered.

NOBLE, C. J., and COMPTON, J., concur.