405 P.2d 665

LOUIS LYSTER, GENERAL CONTRAC-
TOR, INC. and U. S. Fidelity & Guaran-
ty Company, a corporation, Plaintiffs-Third
Party Defendants-Appellants,

v.

TOWN OF LAS VEGAS and T. E. Scanlon
& Associates, Defendants-Third Party
Plaintiffs-Appellees,

T. E. Scanlon & Associates,
Cross-Appellant,

Town of Las Vegas, Louis Lyster, General
Contractor, Inc., and U. S. Fidelity & Guar-
anty Company, Cross-Appellees.

No. 7574.

Supreme Court of New Mexico.

Sept. 7, 1965.

Henry E. Blattman, Las Vegas, Charles E. Barnhart, Albuquerque, for appellants.

Donald A. Martinez, Las Vegas, for Town of Las Vegas.

Zinn & Donnell, Santa Fe, for T. E. Scanlon & Associates.

CARMODY, Chief Justice.

This action was originally commenced as a declaratory judgment proceeding which sought to determine who was at fault for a defect that developed in the construction of a sewage treatment plant for the Town of Las Vegas, New Mexico. From a judgment in favor of the Town on a third-party complaint, appellant Lyster, together with its surety, prosecute this appeal and the appellee Scanlon has cross-appealed under our Rule 17(2) (§ 21–2–1 (17) (2), N.M. S.A.1953).

Although there is some discrepancy as to the proper business or legal names of some of the parties, it is of no consequence insofar as this decision is concerned, and, for simplicity, we will refer to the parties only as "Lyster," "Scanlon" and the "Town."

Scanlon, an engineering firm, contracted with the Town to design plans for, and supervise construction of, the sewage treatment plant. Lyster entered into a contract with the Town to do the actual construction of the project. The United States Fidelity & Guaranty Company was the surety for Lyster on the project.

Lyster proceeded under the contract and substantially completed the contract with the exception of cleaning the Town's old sewage tank and laying a slab of concrete in the roadway approaching the new sewage treatment facility. Upon testing of the completed sewage treatment facility, a defect or fault in the structure appeared. The contractor notified the engineer, who immediately drew plans to remedy the defect. Lyster, as an individual, filed a de-

claratory judgment action against Scanlon and the Town to determine who would pay the cost of approximately $12,500.00 to effectuate the proposed remedy. The Town, by a third-party complaint, sought damages from Lyster and the United States Fidelity & Guaranty Company and also joined Scanlon as third-party defendants. Answers of third-party defendants were filed, with Lyster and United States Fidelity & Guaranty Company cross-claiming against Scanlon, and the Town counter-claiming against Scanlon.

The trial court, sitting without a jury, found that both the contractor and the engineer were in breach of contract, which breaches were contributing causes of the defect that appeared in the construction of the sewage facility. The findings of the trial court fail to determine the specific result of each breach, i. e., there is no determination of proximate cause. On the basis of these findings, the trial court entered a joint judgment against Lyster, United States Fidelity & Guaranty Company and Scanlon in the amount of $19,-043.00. Further, the court entered judgment against Lyster and United States Fidelity & Guaranty Company for the additional sum of $15,417.00, plus the amount of $50.00 per weather-working day from and after February 26, 1963, until completion of the sewage treatment plant according to the contract.

Following the appeal, briefs were submitted on behalf of Lyster and Scanlon, but the Town failed to file a brief and therefore our decision will be based only upon the briefs on file.

■ Although numerous and sundry issues were raised by appellants' and cross-appellant's briefs, it is only necessary that one of such issues be discussed. That is the point raised by appellants' brief that the trial court's finding of $20,000.00 actual damages and subsequent entry of a judgment for $19,043.00 is unsupported by substantial evidence and therefore constitutes reversible error. Appellants cite us to Simpson on Contract, page 530, for the proposition, "Damages must be proved with reasonable certainty or only a judgment for nominal damages will be rendered." Although not in the exact language, this court, in effect, stated the same principle in the case of Nichols v. Anderson, 1939, 43 N.M. 296, 92 P.2d 781, when we stated:

"* * * It is, of course, necessary that damages claimed for breach of any contract be of the kind and character susceptible of proof, and the amount allowed must be subject to reasonable ascertainment."

See, also, Keller v. Cavanaugh, 1958, 64 N.M. 86, 324 P.2d 783.

■ Appellants, in their brief, point out the testimony of T. E. Scanlon in response to a question:

"Q. And what was the figure that you concluded it would cost?

"A. My estimate of cost to replace it was roughly twenty thousand dollars."

as the only evidence in the record relating to proof of the damages awarded. The appellants urge that $19,043.00 damages cannot be awarded when the only evidence in the record indicates that such award is based on a "rough estimate." Appellants' point is well taken. Due to the failure of the Town to file a brief in response, we must accept that portion of the record pointed out by the appellants' brief. We cannot allow a judgment awarding $19,043.00 damages to stand where the only evidence pointed out in support of such a judgment is on the basis of a "rough estimate." We will not search the record to attempt to find other evidence, this being the burden of the Town under our rule 15(6) (§ 21–2–1 (15) (6), N.M.S.A. 1953). The testimony mentioned is not substantial evidence to support the judgment.

■ In this jurisdiction, the proper method of determining damages in a breach of contract for a specific undertaking is the difference between the contract price and the cost to the plaintiff of having another complete the work. Spencer v. Gross, Kelly & Co., 1917, 22 N.M. 426; 163 P. 1087, and Montgomery v. Karavas, 1941, 45 N.M. 287, 114 P.2d 776. In Montgomery, supra, this court spoke of the measure of damages where a contractor defectively built a stairway in a hotel construction project. In that opinion we stated:

"Where the contractor fails to keep his agreement, the measure of the employer's damages, whether sought in an independent action or by recoupment or counterclaim, is always the sum which will put him in as good a position as if the contract had been performed. If the defect is remediable from a practical standpoint, *recovery generally will be based on the market price of completing or correcting the performance, and this will generally be shown by the cost of getting work done or completed by another person.* * * *" (Emphasis added.)

This is not to say that one injured by a breach of contract to build a certain project must go forward and have the project completed by someone else before damages can be awarded; rather, it is the most equitable method available to reach a proper showing of damages. Regardless of the method used to prove the damages suffered, that proof offered must be of a nature to enable reasonable ascertainment, and cannot be based on speculation or guesswork. The record in the case at bar does not demonstrate the proof necessary to enable a reasonable ascertainment of dam-

ages. Thus the damages of $19,043.00 awarded in the judgment below was error.

As we have noted, the trial court made no specific finding of proximate cause other than the finding that the breaches by Lyster and Scanlon were contributing causes of the Town's damage. Obviously, the proper amount of damage, if any, is directly interrelated with the question of fault, and would therefore make a remand for specific findings on damages difficult, if not impossible. This is particularly true because there has intervened the untimely death of the trial judge, The Honorable Luis E. Armijo, and it appears to us that another judge would find it impossible to review a cold record and reach a just result. Therefore, we find it necessary, in view of our conclusion as to damages, to reverse the case for an entire new trial and, as incident thereto, that if so advised, the parties be allowed to amend their pleadings to simplify the same and to eliminate the present errors and confusion as to issues, parties, and the type of relief sought.

The judgment will be reversed, with directions to the trial court to set aside its findings of fact, conclusions of law, its judgment, and to grant a new trial on the issues raised by the pleadings, either as they now exist, or may be hereafter amended. It is so ordered.

MOISE and COMPTON, JJ., concur.