**VESPER CONSTRUCTION COMPANY, INC., a New Mexico Corporation, Plaintiff-Appellee,**

v.

**RAIN FOR RENT, INC., an Arizona Corporation, Defendant-Appellant.**

**No. 77–1711.**

United States Court of Appeals, Tenth Circuit.

Argued March 12, 1979.

Decided May 3, 1979.

Rehearing Denied Sept. 6, 1979.

Stephen Durkovich, Albuquerque, N. M. (Peter C. Mallery and Anne Kass, Albuquerque, N. M., with him, on brief), for plaintiff-appellee.

Before McWILLIAMS and DOYLE, Circuit Judges, and MARKEY,* Chief Judge.

MARKEY, Chief Judge.

Appeal from judgment of the United States District Court for the District of New Mexico. on a jury verdict awarding Vesper Construction Co. (Vesper) $300,000 for breach of contract by Rain For Rent, Inc. (Rain). Denial of a jury trial on Rain's Miller Act counterclaim, exclusion of certain reports, and jury instructions on damages in construction cases, are involved. We affirm.

. *Background* .

*The Contract*

Vesper held a subcontract for excavation and road building on the Bureau of Reclamation's Navajo Indian Irrigation Project near Farmington, New Mexico. Part of that work requires wetting of land areas. Vesper contracted with Rain for "prewetting" services. Vesper and Rain later substituted a new contract, under which Rain agreed to lease to Vesper the irrigation equipment then in use on the job, plus a high-pressure pump, and an AC diesel unit. Vesper was totally responsible for operation of all equipment. Repeated interruptions of the wetting operation impeded Vesper's performance of its subcontract on the Project. Rain's failure to install a pressure line of adequately high pressure was alleged as the cause of the interruptions and the breach of contract forming the basis for Vesper's suit.

Marian Matthews of Matthews, Shannon & Hooker, Albuquerque, N. M., for defendant-appellant.

Vesper's complaint alleged that Rain's breach resulted in damages of $1,300,000. Rain separately sued the United States and

---

* Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

Vesper for $37,894, under the Miller Act, 40 U.S.C. §§ 270a et seq. When the district court ordered the suits consolidated, Rain converted its complaint into a counterclaim.

Vesper filed a timely jury demand. Rain did not. Two months before trial, Judge Payne wrote both counsel that the Miller Act claims "will have to be a non-jury . . . .," adding, "I have tried to get counsel in to dicuss [sic] this matter personally but I haven't had any success," and inviting counsel once more to discuss with him the problems engendered by the Miller Act claims. That invitation was ignored.

On the first day of trial, just prior to jury selection, the court reminded counsel that it, not the jury, would decide the Miller Act claims. Rain objected, and, for the first time, demanded a jury trial. The court overruled the objection and denied the demand, because "a jury is not proper in a Miller Act case," and because no jury had been timely requested.

The sequence was thus:

| DATES | VESPER v. RAIN FOR RENT | RAIN FOR RENT v. VESPER U. S. v. ROSIEK |
|---|---|---|
| 05/07/76 | Vesper files its complaint. | |
| 06/04/76 | Vesper files its jury demand. | Rain files its complaint. |
| 06/28/76 | | Vesper answers. |
| 07/08/76 | | Time for filing jury demand expires under F.R.Civ.P. 38(b). |
| 08/04/76 | THE CASES ARE CONSOLIDATED BY ORDER OF THE COURT. | |
| 10/18/76 | Rain files its answer. | |
| 03/25/77 | Judge's letter announcing that Rain's claims would *not* be tried to the jury. | |
| 05/23/77 | Judge repeats, at first day of trial, that Rain's claims would not be tried to the jury. | |

### The Trial

Vesper's expert itemized damages totalling $670,554. Its accountant described a loss of $763,037 as the difference between Vesper's income from the job and its costs.

Rain's defense was Vesper's improper operation of the pressure line. As proof, it offered reports on pump operation. The reports were made, at the request of Vesper's manager, by George Coffelt, who owned the land on which the pump was located, and who was hired by Vesper to operate the pump.

As foundation for the Coffelt reports, Rain attempted to read Coffelt's deposition, taken *ex parte*, without notice but with court permission, after Rain filed suit but before Vesper was served. Vesper objected. After a day's delay, Rain called Vesper's manager as an adverse witness. Coffelt having been located, Vesper again objected and requested that Coffelt be called. Though Coffelt was brought to court and interviewed by Rain, it declined to call him, saying his testimony would not be "beneficial to the defendant in this case at this point." The court then permitted continued examination of the manager.

The manager said the reports were on Vesper's stationery, were signed by Coffelt, and "should have been" kept in his business records. The court sustained Vesper's hear-

say objection to admission of the reports, and Rain rested.

Declining Rain's proffered instructions, the court gave this "uncertainty" instruction:

> Uncertainty as to amount of damages does not preclude recovery if the fact of damage is established and if a reasonable basis of computation is provided or if there is a basis for a reasoned conclusion;

and this "substantial factor" instruction:

> Plaintiff's damages must have been caused by defendant's breach of contract. To find that the breach caused the injury, you must find that the breach was a substantial factor in bringing about the harm.

After the jury retired, Rain renewed requests for certain instructions and objected to the "uncertainty" instruction.

The jury returned a verdict of $300,000 in favor of Vesper. The court dismissed Rain's counterclaim, because Rain had breached its contract with Vesper, and had neither given the required Miller Act notice "setting forth with substantial accuracy the amount alleged to be owed by Vesper," nor proved that Vesper owed $37,894.

### Issues

The issues are whether the district court erred in: (1) denying a jury trial of Rain's counterclaim, (2) excluding the Coffelt reports, or (3) its jury instructions.

### OPINION

1. *Denial of jury trial on Rain's counterclaim was proper.*

 . Rain's failure to file a timely jury demand pursuant to F.R.Civ.P. 38(b),[1] constituted a waiver of its right to jury trial. F.R.Civ.P. 38(d).[2] A subsequent consolidation cannot alone revive Rain's right to a jury trial. *Cf. Walton v. Eaton Corp.*, 563 F.2d 66 (3rd Cir. 1977) (right to demand jury trial in second, duplicative action cannot be revived where plaintiff expressly waived jury trial in first action); *Roth v. Hyer*, 142 F.2d 227 (5th Cir. 1944) (right to demand jury in new trial not revived by reversal where plaintiff waived jury at first trial by failure to make timely demand).

Rain's reliance here on its at-trial jury demand is unavailing. Prior to trial, the court gave Rain more than ample opportunity to make the demand available to it under F.R.Civ.P. 39(b).[3] Rain ignored that opportunity. Under the circumstances we cannot say that the court abused its discretion in overruling Rain's objection and refusing its belated jury demand.[4]

---

1. Rule 38. Jury Trial of Right
 (b) Demand
 Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

2. Rule 38. Jury Trial of Right
 (d) Waiver
 The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties. Under the present circumstances, wherein Rain's time for demanding a jury expired before consolidation and Rain was on notice of the court's intent well before trial, Rain cannot

rely on Vesper's jury demand in Vesper's suit. Rain's argument that Vesper also waived a jury in Rain's suit is irrelevant.

3. Rule 39. Trial by Jury or by the Court
 (b) By the court
 Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.
 Rain did not tell the trial judge that its belated jury demand was made pursuant to Rule 39(b).

4. Because our decision rests on Rain's waiver, we need not consider the correctness of the district court's indication that "a jury is not proper in a Miller Act case."

## 2. *The district court properly excluded the Coffelt reports.*

Rain contends that the Coffelt reports fall within the business records hearsay rule exception defined by F.R.Ev. 803(6).[5] Vesper says the reports do not meet the formal requirements of the Rule.[6]

The record indicates that Vesper is correct. The rule requires testimony of "the custodian or other qualified witness" as foundation for admission of business records. Though the testimony need not be that of the preparer, *United States v. Carranco*, 551 F.2d 1197, 1200 (10th Cir. 1977), the refusal to call Coffelt in this case because his testimony would not be "beneficial" casts a long shadow on the reports. Vesper's manager, who was called, did not say when or how the reports were made, or that it was Vesper's regular practice to have such reports.

The determination of the adequacy of the foundation for the admission of evidence, and the admission or rejection of evidence is left to the discretion of the trial court and will be overturned on appeal only if there has been a clear abuse of discretion. [Citing cases. *Carranco, id.* at 1199-200.]

■ On the record before us, we are not persuaded that the court's exclusion of the Coffelt reports was a clear abuse of discretion.

## 3. *There was no error in the court's instructions.*

Rain alleges that the district court erred in refusing to give this instruction:

If you find that a breach of contract occurred, it is the burden of Plaintiff to prove by a preponderance of the evidence, any damages which were caused or occasioned by such breach of contract, without any additional or increased damages caused or occasioned by the acts, conduct and omissions of Plaintiff itself.

We disagree. The first part of the proffered instruction merely paraphrases this instruction given by the court:

It is a general rule applicable in all civil cases that a party seeking a recovery or a party asserting an affirmative defense, has the burden of proving the propositions necessary to support his claim or affirmative defense, as the case may be, by the greater weight of the evidence or, as it is sometimes called, the preponderance of the evidence.

The second part of the proffered instruction paraphrases this instruction given by the court:

A non-defaulting party may not recover damages caused by its own acts, omissions, conduct, errors and inadequacies.

■ Rain does not contend that the court's two instructions were incorrect as given. As this court said in *United States v. Newson*, 531 F.2d 979, 983 (10th Cir. 1976): "[T]he trial court is not bound to give instructions in the form and language requested, and . . . if the instructions as given are correct and cover the issues of the case, the judgment will not be disturbed."

---

**5.** Rule 803. Hearsay Exceptions; Availability of Declarant Immaterial

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(6) *Records of regularly conducted activity.* A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

**6.** Vesper also says that because substantial periods of time are not covered by the reports, they are untrustworthy on their face. Rain argues that because contemporaneousness is shown by the reports themselves corroboration is unnecessary. In view of our holding, neither contention requires discussion.

Rain does challenge the correctness of the "uncertainty" and "substantial factor" instructions, alleging that the latter incorrectly stated New Mexico law and is inapplicable to construction cases, and that the two instructions, when read together, negated another instruction that: "Your verdict must be based upon proof and not upon speculation, guess, or conjecture."

The "substantial factor" test originated in the Restatement of Torts (1943). Section 431 provides in part: "The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm . . . ." Section 432 provides in part: "(2) If two forces are actively operating, one because of the actor's negligence, the other not because of any misconduct on his part, and each of itself is sufficient to bring about harm to another, the actor's negligence may be held by the jury to be a substantial factor in bringing it about."

The "substantial factor" test has been applied in breach of contract cases where more than one factor has contributed to the plaintiff's loss. *Eazor Express, Inc. v. International Brotherhood of Teamsters*, 520 F.2d 951, 967 (3rd Cir. 1975); *Krauss v. Greenbarg*, 137 F.2d 569, 572 (3rd Cir. 1943). In *Eazor*, defendant's breach and actions of a third party contributed to plaintiff's loss. In *Krauss*, plaintiff's breach and actions of defendant and third parties contributed to defendant's loss. In both cases, the breaching party was held liable.

Rain cites no case, and we find none, to support its assertion that New Mexico adheres to a "sole cause" or "but for" test in contract cases. *Lyster v. Town of Las Vegas*, 75 N.M. 427, 405 P.2d 665 (1965) supports application of the "substantial factor" test. There, the trial court found breaches by both the contractor and the engineer contributory causes of the defect. The court on appeal held that, because the *amount* of damages was interrelated with fault, and the trial court had not determined the specific result of each breach, a new trial was necessary. Had the "sole cause" or "but for" test been applied, nei-

ther party would have been liable, neither party's breach having been the "sole cause" of the defect.

Nor is Rain correct that the "substantial factor" test as adopted by New Mexico in tort cases involves a limitation applicable here. In *Rix v. Town of Alamogordo*, 42 N.M. 325, 332, 77 P.2d 765, 769 (1938), the court said: "[N]egligence, to render a person liable, need not be the sole cause of injury. . . . [W]here several causes combine to produce injuries, a person is not relieved from liability because he is responsible for only one of them; it being sufficient that . . . such other cause is not attributable to the person injured." *Rix* merely states the rule applied in New Mexico and other states that contributory negligence bars recovery of damages for tort injury, a rule not applicable here. *Tyler v. Dowell, Inc.*, 274 F.2d 890, 898 (10th Cir. 1960).

Nor do the cases cited by Rain support its assertion that the "substantial factor" test is inapplicable to construction cases. In *Nat Harrison Associates, Inc. v. Gulf States Utilities Co.*, 491 F.2d 578 (5th Cir. 1974), the contractor included his subcontractor's damages in his own, and did not prove specific damages from defendant's breach. In *Law v. United States*, 195 Ct.Cl. 370 (1971), the court found the record sufficient to substantiate plaintiff's claims of actionable delay and ascertain damages caused thereby even though plaintiff failed to prove the specific extent of damages caused by defendant's delays, and plaintiff and its subcontractors were responsible for some delay. In *Boyajian v. United States*, 423 F.2d 1231, 191 Ct.Cl. 233 (1970), a manufacturing case, the court held the total cost method of computing damages improper because plaintiff had not proved, inter alia, that it was not responsible for added expenses. In *Commerce International Co. v. United States*, 338 F.2d 81, 167 Ct.Cl. 529 (1964), another manufacturing case, damages were denied because plaintiff did not separate delays caused by defendant from those not caused by defendant, the other delays being substantial; and there was no

proof that the delays resulted from a breach, or that the alleged breach caused any damages. In *Laburnum Construction Corp. v. United States*, 325 F.2d 451, 163 Ct.Cl. 339 (1963), the court found incorrect the trial commissioner's method of computing damages. In *Rusciano Construction Corp. v. State*, 37 A.D.2d 745, 323 N.Y.S.2d 21 (1971), delays were caused by plaintiff and other factors as well as by defendant, no delay charged to defendant affected the whole job, and there was no allocation of the total period of delay among the various cause factors. In *Metropolitan Sewerage Commission v. R. W. Construction, Inc.*, 72 Wis.2d 365, 241 N.W.2d 371 (1976), the court held that damages awarded to plaintiff must be reduced by the amount of its costs caused by its own inefficiencies in planning and performance.

■ Taken together, Rain's construction cases indicate that plaintiff in a construction case may, on adequate evidence, recover damages, though its acts and other factors combine with defendant's breach to cause loss. The "substantial factor" test is thus applicable to construction cases.

■ The district court's "uncertainty" instruction is, standing alone, a correct statement of New Mexico law. *Bank of New Mexico v. Rice*, 78 N.M. 170, 177, 429 P.2d 368, 375 (1967). In light of the court's additional instruction that Vesper could not "recover damages caused by its own acts, omissions, conduct, errors and inadequacies," we are not convinced that the "uncertainty" and "substantial factor" instructions together permitted Vesper to recover "for its own inefficiencies and inadequacies," or resulted in "substantial and prejudicial harm," as Rain contends. Nor do we perceive how the "substantial factor" instruction, relating to causation, is contradicted by an instruction on self-caused damages. Although, under the "substantial factor" test, a defendant *may* have to "pay damages equivalent to the total harm suffered . . . even though there were

contributing factors other than his own conduct," 5 A. Corbin, Contracts § 999 (1964), the jury here was instructed to the contrary. Indeed, the jury's award of $300,000, in the light of Vesper's witnesses' statements that Vesper's harm was $670,554 and $763,037, would appear to indicate that it followed the totality of its instructions in reaching its verdict.

Finding no error, we affirm the judgment.