704 P.2d 1130

**Milton ARCHULETA and Lucy Archuleta, Plaintiffs-Appellees Cross-Appellants,**

v.

**Max JACQUEZ, Marcella Jacquez, Diolinda Jacquez and Jose Vincente Jacquez, Defendants-Appellants Cross-Appellees.**

**No. 7797.**

Court of Appeals of New Mexico.

July 18, 1985.

John R. Westerman, Farmington, Sarah M. Singleton, Singleton Law Offices, Santa Fe, for plaintiffs-appellees cross-appellants.

Robert H. Graham, Farmington, for defendants-appellants cross-appellees.

## OPINION

ALARID, Judge.

This case was commenced by plaintiffs on August 22, 1980 with a complaint for property damage and injunction consisting of three causes of action. Defendants filed a First Amended Counterclaim on August 24, 1983, which also contained three causes of action. Judgment was entered in the district court of San Juan County, New Mexico, on February 27, 1983, following trial without a jury, on September 2, 1983. The judgment awarded plaintiffs $5,963.00 for crop damage from 1978 through September 2, 1983, jointly and severally against defendants. The judgment also granted a permanent injunction against all defendants, except Max Jacquez, enjoining them from allowing their irrigation tail waters, or other idle waters under their control, from coming onto the property of plaintiffs. It denied all of defendants' claims, allowed plaintiffs their costs and provided that the judgment would bear interest at the statutory rate of 15% per annum.

Defendants filed Notice of Appeal March 20, 1984 and plaintiffs filed Notice of Cross-Appeal April 4, 1984.

In affirming the trial court's judgment on five of the six issues raised on appeal, we will consider the trial court's findings of fact and conclusions of law but not plaintiffs' proposed findings of fact and conclusions of law submitted after the notice of appeal. Although the trial court filed its decision containing its findings of fact and conclusions of law after entry of judgment and the filing of defendants' notice of appeal, the parties seem to agree that remand is not required in this case. *See Brown v. Hayes,* 69 N.M. 24, 363 P.2d 632 (1961); *Hester v. Hester,* 100 N.M. 773, 676 P.2d 1338 (Ct.App.1984). The case will be re-

manded, however, for correction of the statutory rate of interest to reflect the rate in effect at the time this lawsuit was filed. The cross-appeal will be dismissed.

## FACTS

This case involves a dispute between Milton and Lucy Archuleta, plaintiffs, and Max, Marcella, Diolinda and Jose Vincente Jacquez, defendants, concerning water damage to plaintiffs' crops which allegedly occurred as a result of the drainage of water from defendants' adjoining land. Plaintiffs claimed monetary damages for crop losses suffered from 1978 through 1983, alleging that water from defendants' drain pipe spilled onto plaintiffs' land destroying beans and other crops and basically turning the land into a swamp. Plaintiffs claim that complaints and objections to this conduct were made over several years and that defendants refused to refrain from the objectionable conduct. Additional facts will be discussed as the issues raised on appeal are discussed individually in the body of this opinion.

**I. WHETHER THE TRIAL COURT ERRED IN HOLDING THAT THE DEFENDANTS DID NOT HAVE A STATUTORY PRESCRIPTIVE EASEMENT PURSUANT TO NMSA 1978, SECTION 73–2–5, TO USE THE DRAIN PIPE AND/OR DRAIN DITCH FROM DEFENDANTS' LANDS ONTO PLAINTIFFS' LANDS.**

Defendants in this case are claiming a statutory right to use plaintiffs' drain ditch and drain pipe under the provisions of Section 73–2–5, which provides:

Hereafter in all cases where there has been a continuous use of a ditch for the purposes of irrigation, for five years, it shall be conclusively presumed as between the parties, that a grant has been made by the owners of the land, upon which such ditch is located, for the use of the same; provided, that nothing herein contained shall be construed to prevent the owner of a servient estate from making any alterations, or changes in the location, of any ditch upon his land, so long as such alteration or change of loca-

tion shall not interfere with the use of such ditch by the owner, or owners, of the dominant estate or estates.

Plaintiffs argued successfully at trial, and on appeal, that the quoted statute did not apply, and even if it did, defendants failed to meet its requirements. After a review of the record in this case, we have concluded that the trial court was correct in its ruling and that plaintiffs were entitled to recover on their claims. The evidence at trial is clear that the ditch and drain in question were used solely for the purpose of drainage and were not used for irrigation, and thus, do not come within the terms of the statute. We can presume that the legislature could have included ditch uses other than irrigation in the statutes had it chosen to do so. Having failed to so expand the rights given under the statute, this court will not do judicially what the legislature has failed to do. *Munro v. City of Albuquerque*, 48 N.M. 306, 150 P.2d 733 (1943); *Patterson v. Globe American Casualty Co.*, 101 N.M. 541, 685 P.2d 396 (Ct.App.1984). There is also evidence in the record that even if the statute covered this drain, the defendants abandoned the drain system during the period required for an easement. The evidence further shows that the defendants were clearly informed that their use of the drain system was opposed to plaintiffs' desires, and that defendants' use was damaging plaintiffs' property.

## II. WHETHER THE TRIAL COURT ERRED IN NOT HOLDING THAT DEFENDANTS HAD ESTABLISHED AN EASEMENT BY PRESCRIPTION FOR DRAINAGE THROUGH THE DRAIN PIPE AND/OR DITCH FROM DEFENDANTS' LANDS ONTO PLAINTIFFS' LAND BY USE FOR MORE THAN TEN YEARS.

In raising this issue, defendants argue that an easement exists through adverse possession. New Mexico has long recognized the existence of an easement by means of adverse possession and has established the means by which it can be established. *Hester v. Sawyers*, 41 N.M. 497, 71 P.2d 646 (1937). In *Hester*, the Supreme Court stated:

> The period for acquiring an easement in land corresponds to the local statute of limitation as to land. It would be irrational to hold that an easement may not be acquired by the same lapse of time required to confer title to the land by adverse possession. The period of limitation for the bringing of actions to recover the possession of land is generally adopted as the period for perfecting easements by prescription. This rule is based upon the assumption that if there had been no grant, the owner would have put an end to the wrongful occupation before the full period of limitation had expired. And while it is often said that from such user a grant will be presumed, the presumption in effect amounts to a positive rule of law, and evidence that no grant was made would not be material. (Citation omitted)

*Id.* at 502, 71 P.2d 646.

■■■ Defendants, in this case, enumerate the requirements for a prescriptive easement. They correctly assert that usage must be "open, uninterrupted, peaceable, notorious, adverse, under claim of right and continu[ous]". The failure of defendants' claim comes not because they misunderstand the law but because the evidence presented at trial does not support their claim to coverage by the rule. At trial, when the evidence is viewed in the light most favorable to the prevailing party, it is clear that defendants' claim fails because the use demonstrated was neither adverse use under a claim of right nor continuous use for ten years. On this issue as well, the decision of the trial court is affirmed.

## III. WHETHER THE TRIAL COURT ERRED IN AWARDING DAMAGES SOLELY ON THE BASIS OF PLAINTIFFS' TESTIMONY REGARDING THE VALUE OF CROP DAMAGE.

Defendants urge this court to set aside the award of damages on the grounds that plaintiffs did not keep records and, thus, their estimates were based on guess, specu-

lation and conjecture. Both parties correctly point to the case of *Smith v. Hicks*, 14 N.M. 560, 98 P.138 (1908), as establishing the rule in New Mexico for computation of damages for lost crops. The trial court also relied on the rule in *Smith* to compute the damages in this case. The dispute, however, arises from the type of evidence relied on by the plaintiffs.

Defendants complain that because the plaintiffs submitted the only evidence relative to damages and because the testimony was contradictory in places, the trial court did not have sufficient evidence upon which to base an award of damages. A plaintiff can give testimony regarding the damages suffered by him. *Terrel v. Duke City Lumber Co.*, 86 N.M. 405, 524 P.2d 1021 (Ct.App.1974). *See also City of Albuquerque v. Ackerman*, 82 N.M. 360, 482 P.2d 63 (1971); *State, ex rel. State Highway Commission v. Chavez*, 80 N.M. 394, 456 P.2d 868 (1969). Defendants also object because the plaintiffs did not keep records and, thus, allege their testimony was guess, speculation and conjecture. In New Mexico, damages do not need to be computed with mathematical certainty. *Nosker v. Western Farm Mutual Insurance Co.*, 81 N.M. 300, 466 P.2d 866 (1970). In this case, plaintiffs' valuation of their crops, based on a lifetime of farming experience, was substantial evidence to support the trial court's award. The plaintiffs herein will not be denied recovery if they have produced the best evidence available and it is sufficient to afford a reasonable basis for estimating their loss.

## IV. WHETHER THE TRIAL COURT ERRED IN DECREEING AN INJUNCTION AGAINST LETTING WATERS RUN ONTO PLAINTIFFS' LANDS AS AGAINST THE DEFENDANTS.

The trial court in this case enjoined the defendants from letting water run onto the lands of the plaintiffs. The court issued this injunction after finding that the run-off from defendants' land was the source of the flooding of plaintiffs' land, and after determining that this flooding constituted a trespass. A review of the evidence in this case indicates that there was sufficient evidence for the trial court to find as it did. Once the court found trespass, it had the discretion to apply equitable remedies to prevent continuing damage to plaintiffs' land and their farming operations. In addition, the trial court expressed concern that without an injunction, the situation would result in a multiplicity of lawsuits being filed. This court will affirm the discretionary action of the trial court unless there is a clear abuse of that discretion. We find no abuse here. *See Kennedy v. Bond*, 80 N.M. 734, 460 P.2d 809 (1969). *See also Holloway v. Evans*, 55 N.M. 601, 238 P.2d 457 (1951); *Scott v. Jordan*, 99 N.M. 567, 661 P.2d 59 (Ct.App.1983). The trial court's issuance of an injunction is affirmed.

## V. WHETHER THE TRIAL COURT ERRED IN AWARDING INTEREST ON THE JUDGMENT AT FIFTEEN PERCENT.

Interest on a judgment is governed by the interest rate in effect at the time the lawsuit is filed. *Producers Grain Corp. v. Wilson*, 97 N.M. 23, 636 P.2d 304 (Ct.App.1981); *Hillelson v. Republic Insurance Co.*, 96 N.M. 36, 627 P.2d 878 (1981). The rate in effect at the time the suit was filed was ten percent. Therefore, the trial court erred in providing for interest at fifteen percent, and is reversed.

Defendants also raise a seventh issue in their brief, regarding whether they are entitled to damages for the cost of installing a drain pipe. Defendants cite no authority to support their argument. The New Mexico Supreme Court has held that appellate issues raised without cited authority will not be reviewed on appeal. *Lee v. Lee*, 100 N.M. 764, 676 P.2d 1329 (1984).

## CROSS-APPEAL
## WHETHER THE TRIAL COURT ERRED IN REFUSING TO AWARD DOUBLE DAMAGES UNDER NMSA 1978, SECTION 30-14-1.1, (Repl. Pamp.1984).

Plaintiffs, in their cross-appeal, seek to invoke the civil damages provisions of Sec-

tion 30–14–1.1. This section, a part of the criminal code, allows double damages "[i]n the event any person enters upon the lands of another without permission and injures, damages or destroys any part of the realty or its improvements...."

 The parties argue the applicability of this section to the facts of this case, advancing legal as well as factual arguments as to why it should or should not apply. We decline to decide the issue. Defendants, in their brief in their appeal, ask that plaintiffs' requested findings of fact and conclusions of law be stricken since they were not timely filed, and not filed until after the trial court lost jurisdiction upon the filing of defendants' notice of appeal. Plaintiffs concede that their requested findings and conclusions filed after the trial court lost jurisdiction could provide no basis for a factual argument, but argue that it would not preclude a "purely legal issue without findings," relying on *State ex rel. Garcia v. Martinez*, 80 N.M. 659, 459 P.2d 458 (1969). We disagree under the circumstances here. Unlike *Garcia*, where a ruling was invoked, none was invoked here. *See* NMSA 1978, Civ.App.R. 11 (Repl.Pamp.1984). Plaintiffs acknowledge this requirement because they asked the court to conclude that they were entitled to double damages. This was done, but not until after the trial court had entered its judgment and lost jurisdiction over the case.

Therefore, the plaintiffs' cross-appeal will not be reviewed.

The trial court is affirmed on all issues except as to the interest rate applied to the judgment and the case is remanded for entry of the proper statutory rate of interest.

IT IS SO ORDERED.

NEAL and BIVINS, JJ., concur.