FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TAMESHA WILLIAMS,

      Plaintiff - Appellee,

v.

RGA HOME HEALTH SERVICES,
INC.,

      Defendant - Appellant.

No. 17-1150
(D.C. No. 1:15-CV-02466-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Ms. Tamesha Williams sued her former employer, RGA Home Health

Services, Inc., for breach of contract. On this claim, Magistrate Judge

Watanabe granted partial summary judgment to Ms. Williams on liability,

leaving the amount of damages to be decided at trial. RGA verbally

_____

[*]     The parties do not request oral argument, and it would not materially help us to decide this appeal. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

     This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

requested a jury trial on damages. But the court told RGA to request a jury trial in a reply to Ms. Williams's brief on damages. No such reply brief was filed, so the magistrate judge treated the damages calculation in Ms. Williams's brief as uncontested and awarded damages of $85,900. Afterward, RGA moved to set aside the judgment based on the denial of a jury trial. This motion was denied.

RGA appeals, arguing that

- issues of material fact should have precluded partial summary judgment for Ms. Williams and

- the magistrate judge erred in refusing to set aside the judgment based on the erroneous denial of a jury trial.

We reject both contentions. RGA admitted that a contract existed and that a reasonable factfinder could have found a breach of the contract. In addition, RGA failed to properly demand a jury trial on damages. For these reasons, we affirm.

## I.     The Award of Partial Summary Judgment

The award of partial summary judgment was correct.

### A.     Standard of Review

A district court's grant of summary judgment is reviewed de novo. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We draw reasonable

inferences in the light most favorable to the nonmoving party, RGA. *Cillo*, 739 F.3d at 461.

## B. Breach of Contract

The elements of a breach of contract claim are: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (en banc) (citation omitted).[1]

RGA argues that Ms. Williams was terminated for tardiness, pointing to a tardiness policy that required punctuality. Under the policy, termination was allowed for tardiness but only after successive verbal and written warnings.

In district court, RGA did not point to evidence disputing four of Ms. Williams's stated facts:

1.   The tardiness policy was part of a contract.

2.   In response to a charge of discrimination, RGA stated that Ms. Williams had been terminated for violating the tardiness policy.

3.   RGA policy required RGA officers to warn employees for policy violations.

4.   Ms. Williams did not receive a warning about tardiness before her termination.

_____

[1]   Ms. Williams and the district court stated that Colorado law applies, and RGA has not challenged the applicability of Colorado law.

These undisputed facts entitled Ms. Williams to partial summary judgment on liability.

RGA argues that it fired Ms. Williams not only for tardiness but also for other deficiencies. But RGA never argued in district court that the firing was based even in part on something other than the tardiness policy. The district court could not deny summary judgment on an argument that RGA hadn't made.[2]

## II.    The Demand for a Jury Trial on Damages

RGA also appeals the district court's refusal to set aside the judgment based on the denial of a jury trial on damages. At the final pretrial conference, RGA verbally requested a jury to determine damages. Magistrate Judge Watanabe stated that such a request should be included in RGA's reply to Ms. Williams's brief on damages. But RGA never filed a reply or a written jury demand. Because Ms. Williams's brief on damages was uncontested, Magistrate Judge Watanabe granted damages to Ms. Williams in the amount that she had requested. RGA filed a motion to set aside the judgment, which was denied. RGA appeals this denial.

We review the denial for an abuse of discretion. *ClearOne Comm'ns, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011). We will find an abuse

---

[2]    RGA apparently acknowledges that it failed to present this argument in district court, for RGA states that the plain-error standard applies. This standard applies only when the appellant failed to preserve an argument in district court. *E.g.*, *United States ex rel. Bahrani v. Conagra, Inc.*, 624 F.3d 1275, 1284 (10th Cir. 2010).

of discretion only if the district court committed an error that was "'definite, clear or unmistakable.'" *Thomas v. Parker*, 609 F.3d 1114, 1119 (10th Cir. 2010) (quoting *Zurich N. Am. v. Matrix Serv.*, 426 F.3d 1281, 1289 (10th Cir. 2005)).

We conclude that the magistrate judge acted within his discretion. A party can obtain a jury trial on timely demand. Fed. R. Civ. P. 38(b). This demand must be in writing, served, and filed with the court. *Id*. But the right to a jury trial is waivable. Fed. R. Civ. P. 38(d). Here RGA waived a jury trial by failing to file a written jury demand. *See id*. ("A party waives a jury trial unless its demand is properly served and filed."); *Vesper Const. Co. v. Rain for Rent, Inc.*, 602 F.2d 238, 241 (10th Cir. 1979) ("Rain's failure to file a timely jury demand pursuant to [Rule] 38(b)[] constituted a waiver of its right to jury trial."). Thus, the district court did not abuse its discretion in declining to set aside the judgment.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge

-5-