This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41764

SANDRA J. VACCA and
LIQUID OUTPOST CO.,

Plaintiffs-Appellees,

v.

INN & SPA AT LORETTO CORP.;
HERITAGE HOTELS AND RESORTS,
INC.; EDGAR LOZOYA; JIM LONG;
LORETTO HOTEL INVESTMENT, LLC;
and ZIA SANTA FE, LLC,

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Bryan Biedscheid, District Court Judge**

Fuqua Law & Policy, PC
Scott Fuqua
Santa Fe, NM

for Appellees

Robles, Rael & Anaya, P.C.
Samuel C. DeFillippo
Taylor S. Rahn
Albuquerque, NM

for Appellants

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendants appeal the grant of default judgment and award of damages in favor of Plaintiffs. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendants filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded by Defendants' memorandum in opposition, we affirm.

**{2}** In our notice of proposed disposition, we proposed to conclude that Defendants failed to demonstrate the district court abused its discretion by denying Defendants' motion to set aside default judgment. [CN 5] Defendants' memorandum in opposition recognizes this Court's proposed disposition but asserts that the record proper is insufficient to allow for review of this issue. [MIO 3] Although Defendants claim that a review of the motion hearing is necessary, Defendants have neither sought a continuance to allow them to review the hearing nor supplemented the factual basis upon which we based our analysis in the proposed disposition. Accordingly, they have not demonstrated error. *See State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353 (recognizing that, in light of the burdens placed on counsel in preparing a docketing statement, "[t]he docketing statement is an adequate alternative to a complete transcript of proceedings"); *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and recognizing that the repetition of earlier arguments does not fulfill that requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}** Our notice of proposed disposition also proposed to affirm based on our suggestion that there was sufficient evidence to support the district court's findings relevant to its calculation of damages. [CN 11] In their memorandum in opposition, Defendants continue to assert that the damages award was not supported by substantial evidence. [MIO 3] Specifically, Defendants assert that Plaintiffs failed to meet their burden of proving damages because they provided only a rough estimate of lost profit. [MIO 13]

**{4}** In our notice of proposed disposition, we suggested that substantial evidence supported the district court's findings relevant to its calculation of damages. [CN 11] Defendants respond by citing to *Louis Lyster, General Contractor, Inc. v. Town of Las Vegas*, 1965-NMSC-097, ¶ 8, 75 N.M. 427, 405 P.2d 665, for the proposition that a damages award cannot stand where the only evidence supporting the judgment is a "rough estimate." [MIO 9] In *Louis Lyster, General Contractor, Inc.*, the only evidence in the record relating to the $19,043.00 damages award was a single statement: "My estimate of cost to replace it was roughly twenty thousand dollars." *Id.* (internal quotation marks omitted). Noting that it was the parties' burden to identify evidence in the record and that no other evidence in support of the damages had been identified, the appellate court concluded that the single statement was not "the proof necessary to enable a reasonable ascertainment of damages." *Id.* ¶¶ 8-9 ("Regardless of the method used to prove the damages suffered, that proof offered must be of a nature to enable reasonable ascertainment, and cannot be based on speculation or guesswork."). The case at hand is distinguishable from *Louis Lyster, General Contractor, Inc.*

**{5}** Here, Plaintiff Vacca provided testimony regarding Plaintiff Liquid Outpost Co.'s monthly gross receipts and costs, which the district court explicitly found credible, and presented the district court with a summary of monthly gross receipts. [RP 174; DS 6] Defendants assert that because the evidence supporting the damages award was comprised of summaries and approximations, without any of the documents identifying precise amounts that gave rise to those summaries and approximations, it is not adequate to support the district court's damages award. [DS 6; MIO 9; RP 174] As noted in our proposed disposition, however, Defendants conducted minimal discovery with regard to the documents summarized in Plaintiffs' exhibit, those underlying documents were made available to the Defendants, and Defendants were given the opportunity to object to the summary following review of those documents. [CN 11] Furthermore, we note that "damages do not need to be computed with mathematical certainty." *Archuleta v. Jacquez*, 1985-NMCA-077, ¶ 10, 103 N.M. 254, 704 P.2d 1130.

**{6}** We therefore conclude Plaintiffs damages were not based on speculation and instead were reasonably ascertainable based on testimony and evidence proffered to the district court. *See C.E. Alexander & Sons, Inc. v. DEC Int'l, Inc.*, 1991-NMSC-049, ¶¶ 29-31, 112 N.M. 89, 811 P.2d 899 (rejecting the argument that unsupported estimates of damages, where more accurate information was available, was not substantial evidence to support damages award); *cf. Archuleta v. Jacquez*, 1985-NMCA-077, ¶ 10, 103 N.M. 254, 704 P.2d 1130 (rejecting an argument that the plaintiff's evidence was based on speculation and conjecture because they did not keep records, reasoning that "[a] plaintiff can give testimony regarding the damages suffered by him," that "damages do not need to be computed with mathematical certainty," and that the plaintiffs need "not be denied recovery if they have produced the best evidence available and it is sufficient to afford a reasonable basis for estimating their loss").

**{7}** Defendants also assert that Plaintiffs failed to satisfy their burden of producing "clear and convincing evidence that [Vacca's] salary was integral to the operation of the business and directly impacted by the loss." [MIO 11-12] In support of this argument, Defendants cite *Central Security and Alarm Co. v. Mehler*, 1996-NMCA-060, ¶ 21, 121 N.M. 840, 918 P.2d 1340. *Mehler* does indicate Plaintiffs bore the burden of persuasion on the issue of damages: "A plaintiff with damages measured by lost profits has the burden of providing a sufficient evidentiary basis to determine damages, including proof of overhead or other costs or expenses in addition to gross profit." *Id. Mehler* does not, however, support Defendants' assertion that the matter must be proven by clear and convincing evidence. In fact, the phrase "clear and convincing" does not appear anywhere in the opinion. As discussed above, Plaintiffs satisfied their burden of proving a reasonably ascertainable amount of damages. We are unpersuaded by Defendants' contention that they were required to prove the amount of damages by clear and convincing evidence.

**{8}** Additionally, Defendants assert that without a breakdown of Plaintiffs' alleged lost profits, the district court "lacked the substantial evidence necessary to determine whether the lost profits should be classified as either compensatory damages or special damages." [MIO 6] Defendants acknowledge that lost profits can be classified as

compensatory or special damages, but they assert that the evidence was insufficient to allow the district court to designate the damages as compensatory, rather than special. [MIO 5-6] Defendants do not, however, cite any authority to suggest that the district court erred in awarding compensatory rather than special damages. *See ITT Educ. Servs., Inc. v. N.M. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969.

{9} To the extent Defendants argue that the evidence is insufficient to support an award of special damages, we do not consider it. A special damages award involves factual determinations that are not necessarily required for compensatory damages. *See, e.g.*, *First Nat'l Bank v. Sanchez*, 1991-NMSC-065, ¶ 16, 112 N.M. 317, 815 P.2d 613 (stating that "consequential damages must be the natural and foreseeable consequences of the breach, as contemplated by the parties at the time of making the contract"); *see also Jones v. Lee*, 1999-NMCA-008, ¶ 19, 126 N.M. 467, 971 P.2d 858 ("Whether a situation is reasonably foreseeable is generally a question of fact to be determined by the fact finder from the evidence and circumstances."). Given the district court's explicit conclusion that compensatory—not special—damages were appropriate in this case, we do not consider Defendants' assertion of error regarding the adequacy of the evidence to support a special damages award.

{10} Defendants also assert that the district court inappropriately placed the burden on Defendants to demonstrate the amount by which the COVID-19 pandemic reduced Plaintiffs' gross receipts. [MIO 7] In our proposed disposition, we noted the following: (1) the district court acknowledged the COVID-19 pandemic impacted many businesses; (2) the district court found that "no evidence was offered to prove the reduction in gross receipts that would have been caused by [COVID-19]"; and "the district court concluded that the "impact of COVID on [Plaintiffs'] revenues and costs is entirely speculative." [CN 9] While the plaintiff does have the burden of proving damages, *Mehler*, 1996-NMCA-060, ¶ 21, we are aware of no authority—and Defendants have cited none—that suggests a plaintiff has the burden of both proving the amount of damages to which they are entitled, and disproving that amount by providing evidence to support a reduction in the amount of damages. *See ITT Educ. Servs., Inc.*, 1998-NMCA-078, ¶ 10. We therefore conclude that Defendants have failed to demonstrate that the district court erred by failing to reduce the amount of compensatory damages where "no evidence was offered to prove the reduction in gross receipts" caused by COVID-19. *Cf. McGinnis v. Honeywell, Inc.*, 1990-NMSC-043, ¶ 22, 110 N.M. 1, 791 P.2d 452 (holding that the employer who breached an employment contract was not entitled to a reduction of damages where the employer failed to prove by substantial evidence that the amount of damages would be alleviated by future employment opportunities). We therefore conclude Defendants have failed to demonstrate reversible error. *See Mondragon*, 1988-NMCA-027, ¶ 10.

{11} For the reasons stated in our notice of proposed disposition and herein, we affirm.

{12} **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**GERALD E. BACA, Judge**